[No. 15263.   Department One.—December 31, 1894.]

JAMES  W.  REA, Appellant, v. URIAH  WOOD, Re-
SPONDENT.

Evidence—Recalling Witness—Discretion.—The question whether a
    witness may be recalled and re-examined as to matters about which he
    has already been examined is one left to the sound discretion of the
    court, and its action will not be disturbed unless a clear abuse of dis-
    cretion is shown.
Slander—Railroad Commissioner—Charge of Single Act of Dishon-
    esty.—A charge of a single act of dishonesty in relation to private mat-
    ters against a person holding the office of railroad commissioner does
    not amount to an imputation of general disqualification for that office;
    and where the officer continued in the performance of the duties of the
    office without molestation until the close of his term, and was after-
    wards re-elected to the same office, and entered upon a second term, it
    cannot be said that the words spoken during the first term tended
    directly to injure the plaintiff in respect to his office.
Id.—Evidence—General Character.—The rule is uniform that general
    character cannot be proved by a single act.
Id.—Gist of Action for Slander—Direction of Verdict.—The gist of
    an action for slander is pecuniary loss, and where it does not appear that
    the plaintiff sustained any loss, or was in any way prejudiced by words
    spoken by the defendant which were not actionable per se, it is not error
    for the court to charge the jury to return a verdict for the defendant.

Appeal from a judgment of the Superior Court of
Santa Clara County.

The facts are stated in the opinion of the court.

*Richards & Welch,* and *George A Knight,* for Appellant.

In a conversation of which the qualifications of a per-
son for an office he holds is the only subject, as in the
present case, to charge him with such turpitude as to
rob his father and mother is a slander for which an
action will lie.   (Civ. Code, sec. 46; *Chaddock* v. *Briggs,*
13 Mass. 248; 7 Am. Dec. 137; *McMillan* v. *Birch,* 1
Binn. 178; 2 Am. Dec. 426; *Hayner* v. *Cowden,* 27 Ohio
St. 292; 22 Am. Rep. 303; *Gallwey* v. *Marshall,* 9 Ex.
294; *Harding* v. *Brooks,* 5 Pick. 244; *Starr* v. *Gardner,*
6 U. C. Q. B. 512; *Evans* v. *Quinn,* 5 Q. B. 844; 2 J. P.
136; *Orpwood* v. *Barkes,* 4 Bing. 261; *Ostrom* v. *Calkins,* 5
Wend. 263; *Jones* v. *Littler,* 7 Mees. & W. 423; *Taylor* v.

*How,* Cro. Eliz. 861; *Aston* v. *Blagrave,* 1 Strange, 671; *Davis* v. *Ruff,* Cheves Law, 17; 34 Am. Dec. 584.) The court erred in instructing the jury to find a verdict for the defendant. This for two reasons, as the plaintiff was entitled to have the jury pass upon the evidence, and the court usurped their function. (Odgers on Slander, 69.)

*D. M. Delmas,* for Respondent.

To say of a person he has robbed his father and mother in certain business transactions is not actionable *per se,* because, while it is possible to cheat or swindle a man in a business transaction, yet it is not possible to rob him in such a transaction; for robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. (Pen. Code, sec. 211.) It is not actionable *per se* to charge one with a robbery of something which cannot be the subject of robbery. (*Allen* v. *Hillman,* 12 Pick. 101; *Ogden* v. *Riley,* 14 N. J. L. 186; 25 Am. Dec. 513; *Cock* v. *Weatherby,* 5 Smedes & M. 333; *Fawsett* v. *Clark,* 48 Md. 494; 30 Am. Rep. 481.) In actions for slander the alleged defamatory words are to be construed according to their common import. (*Thirman* v. *Matthews,* 1 Stew. 384; *Hogg* v. *Dorrah,* 2 Port. 212; *Dorland* v. *Patterson,* 23 Wend. 422; *Hogg* v. *Wilson,* 1 Nott & McC. 216; *Butterfield* v. *Buffum,* 9 N. H. 156; *Fallenstein* v. *Boothe,* 13 Mo. 429.) And it is not actionable *per se* to charge one with having committed a robbery in words which will be commonly understood as not intending to impute a felony. (*Ogden* v. *Riley,* 14 N. J. L. 186; 25 Am. Dec. 513; *Day* v. *Robinson,* 1 Ad. & E. 554; *Hankinson* v. *Bibby,* 16 Mees. & W. 441; *Bannon* v. *Cleary,* 25 Week. Dig. 439; *Wing* v. *Wing,* 66 Me. 62; 22 Am. Rep. 548; *Allen* v. *Hillman,* 12 Pick. 101.) In actions for slander the defamatory matter alleged is to be construed as a whole; and words which would be actionable when standing by themselves may not be

actionable when so construed. (*Dexter* v. *Taber*, 12 Johns. 239; *Carter* v. *Andrews*, 16 Pick. 1; *Wing* v. *Wing*, 66 Me. 62; 22 Am. Rep. 548; *McCarty* v. *Barrett*, 12 Minn. 494; Townshend on Libel and Slander, sec. 137; Newell on Libel and Slander, sec. 29; 2 Starkie on Slander, 85.) Taken as a whole the words are not actionable *per se*, if it appears that a charge of the crime of robbery was not intended or understood. (*Stern* v. *Katz*, 38 Wis. 136; *Filber* v. *Dautermann*, 28 Wis. 134; *Fellowes* v. *Hunter*, 20 U. C. Q. B. 382; *McCarty* v. *Barrett*, 12 Minn. 494; *Taylor* v. *Short*, 40 Ind. 506; *Weil* v. *Altenhofen*, 26 Wis. 708; *Carter* v. *Andrews*, 16 Pick. 1.) The nonactionable words in this case do not become actionable by reason of the mere official or business position occupied by the plaintiff. (Civ. Code, sec. 46, subd. 3.) That they may become actionable it is not enough that the complainant's general reputation is affected thereby. (*Doyley* v. *Roberts*, 3 Bing. N. C. 835; *Ayre* v. *Craven*, 2 Ad. & E. 2; *Ireland* v. *McGarvish*, 1 Sand. 155; *Brayne* v. *Cooper*, 5 Mees. & W. 249; *Lumby* v. *Allday*, 1 Cromp. & J. 301; *Alexander* v. *Angle*, 1 Cromp. & J. 143; *Foulger* v. *Newcomb*, L. R. 2 Ex. 327.) But the words must be spoken of him in his official or business capacity, and they must touch him in that character. (*Van Tassel* v. *Capron*, 1 Denio, 250; 43 Am. Dec. 667; *Sanderson* v. *Caldwell*, 45 N. Y. 398; 6 Am. Rep. 105; *Onslow* v. *Horne*, 3 Wils. 186; *Fellowes* v. *Hunter*, 20 U. C. Q. B. 382; *Kinney* v. *Nash*, 3 N. Y. 177; *Oakley* v. *Farrington*, 1 Johns. Cas. 130; 1 Am. Dec. 107; *Commonwealth* v. *Wardell*, 136 Mass. 164; *Van Epps* v. *Jones*, 50 Ga. 238; *Ireland* v. *McGarvish*, 1 Sand. 155; *Rammell* v. *Otis*, 60 Mo. 365; *Curry* v. *Collins*, 37 Mo. 324; *Chaddock* v. *Briggs*, 13 Mass. 248; 7 Am. Dec. 137.) The direction to find a verdict for the defendant was right, because the words charged in the complaint, even had they been actionable, were not proven. It is not enough to prove words of the same effect or import, or conveying the same idea; the words must be substantially the same words, and it is not sufficient that they con-

tain substantially the same charge, but in different phraseology. Equivalent words of slander will not do. (1 Am. Lead. Cas. 172; *Olmsted* v. *Miller*, 1 Wend. 506; 509; *Wormouth* v. *Creamer*, 3 Wend. 395; 20 Am. Dec. 706; *Bassett* v. *Spofford*, 11 N. H. 127; *Linville* v. *Early-wine*, 4 Blackf. 470; *Watson* v. *Musick*, 2 Mo. 29; *Cooper* v. *Marlow*, 3 Mo. 134; *Berry* v. *Dryden*, 7 Mo. 324; *Street* v. *Bushnell*, 24 Mo. 328; *Birch* v. *Benton*, 26 Mo. 153; *Moore* v. *Bond*, 4 Blackf. 458; *Stanfield* v. *Boyer*, 6 Har. & J. 248; *Smith* v. *Hollister*, 32 Vt. 695; *Wilborn* v. *Odell*, 29 Ill. 456; *Taylor* v. *Moran*, 4 Met. 127; *Norton* v. *Gordon*, 16 Ill. 38; *Creelman* v. *Marks*, 7 Blackf. 28; *Slocum* v. *Kuykendall*, 1 Scam. 187; 27 Am. Dec. 764; *Patterson* v. *Edwards*, 2 Gilm. 720; *Crotty* v. *Morrissey*, 40 Ill. 477; *Fox* v. *Vanderbeck*, 5 Cow. 513; *Williams* v. *Bryant*, 4 Ala. 44; *Easley* v. *Moss*, 9 Ala. 266; *Estes* v. *Estes*, 75 Me. 478; *Pennington* v. *Meeks*, 46 Mo. 217; *Bundy* v. *Hart*, 46 Mo. 460; 2 Am. Rep. 525; *Albin* v. *Parks*, 2 Ill. App. 576; *Tucker* v. *Call*, 45 Ind. 31; *Wood* v. *Hilbish*, 23 Mo. App. 389; *Mix* v. *McCoy*, 22 Mo. App. 488; *Lewis* v. *McDaniel*, 82 Mo. 577; 1 Am. Lead. Cas. 172.) Such of the words as do not form an integral part of the slander, and do not qualify the slander, need not be proved, provided those which are proved embody the slander, and are sufficient to sustain the cause of action; but such part as precisely constitutes the slander must be proved precisely as laid. (*Maitland* v. *Goldney*, 2 East, 426; *Orpwood* v. *Barkes*, 4 Bing. 261; *Compagnon* v. *Martin*, 2 W. Black. 790; *Fox* v. *Vanderbeck*, 5 Cow. 513; *Nichols* v. *Hayes*, 13 Conn. 156; *Hancock* v. *Stephens*, 11 Humph. 509; *Zeig* v. *Ort*, 3 Pinn. (Wis.) 30; *Creelman* v. *Marks*, 7 Blackf. 281; *Iseley* v. *Lovejoy*, 8 Blackf. 462; *Moore* v. *Bond*, 4 Blackf. 458; *Wheeler* v. *Robb*, 1 Blackf. 330; 12 Am. Dec. 245, and note; *Sanford* v. *Gaddis*, 15 Ill. 228; *Morgan* v. *Livingston*, 2 Rich. 574; *Slocumb* v. *Kuykendall*, 1 Scam. 187; 27 Am. Dec. 764; *Patterson* v. *Edwards*, 2 Gilm. 720; *Williams* v. *Bryant*, 4 Ala. 44; *Easley* v. *Moss*, 9 Ala. 266; *Johnston* v. *Tait*, 6 Binn. 121.)

The COURT.—This is an action for slander, and the complaint contains three counts. In the second count it is alleged that the plaintiff had been a member of the state board of railroad commissioners of the state of California for more than four years, and that at the general election held in the year 1890 he was the regular nominee of the republican party for re-election to the said office of railroad commissioner, and on the fourth day of November of that year was duly re-elected to that office.

It is then alleged that on October 10, 1890, while the plaintiff was holding the said office and was such candidate for re-election, the defendant, in the county of Santa Clara, spoke to one Milo Conklin of and concerning the plaintiff these words: "James W. Rea has robbed his father and mother in certain business transactions connected with the light and power company of the city of San Jose"; and that in uttering said language the defendant meant and was understood to impute to plaintiff such dishonesty, untrustworthiness, and turpitude as would render him unfit to occupy the office or perform the duties of railroad commissioner.

The answer denied all the material averments of the complaint.

At the trial the plaintiff called Milo Conklin as a witness, and proved by him that in a conversation had between the witness and defendant on or about October 10, 1890, the latter said: "Mr. Rea had robbed his father and mother out of money in this transaction between the electric light works." And the witness further said that this statement was a portion of a general conversation which referred to Mr. Rea and his fitness for the office of railroad commissioner.

The plaintiff next called George Eustice as a witness, and asked him to state certain conversations relating to Mr. Rea which he had with the defendant in July, 1890, and again after the commencement of this action, but on objection of defendant the answers were excluded.

The plaintiff then recalled Milo Conklin as a witness,

and asked him to " state the whole of the conversation had between Mr. Rea and yourself upon the 10th of October, so far as it related to the qualifications óf Mr. Rea for the office of railroad commissioner."

The defendant objected to the question upon the ground that the witness had already been examined upon the same matter, and the court sustained the objection, the plaintiff reserving an exception.

At the conclusion of the evidence the defendant moved for a nonsuit as to the whole case, and the court granted the motion as to the first and third counts with the consent of the plaintiff, and denied it as to the second count.

The plaintiff then presented, and asked the court to give to the jury, a large number of instructions, but, after argument, the court refused to give them, and instructed the jury to find a verdict for the defendant. A verdict was accordingly so returned, and the judgment was entered that the plaintiff take nothing, from which he appeals.

1. The first point made for reversal is that the court erred in refusing to allow the plaintiff to recall the witness Conklin, and to further examine him as to his conversation with the defendant on October 10th in regard to the qualifications of the plaintiff for the office of railroad commissioner. The answer to this point is that, under our statute, the question whether a witness may be recalled and re-examined as to matters about which he has already been examined is one left to the sound discretion of the court (Code Civ. Proc., sec. 2050), and its action will not be disturbed unless a clear abuse of discretion is shown. Here no such abuse is shown, and error cannot be predicated upon the ruling complained of.

2. It is next urged that the court erred in refusing to give to the jury the instructions asked by the plaintiff, and in instructing them to find a verdict for the defendant.

It is not claimed that the words spoken by the defend-

ant were actionable *per se,* but it is insisted that they constituted an actionable slander, because they were spoken of the plaintiff in a conversation in which his fitness for the office of railroad commissioner was the subject of discussion.

The Civil Code defines slander as follows:

" SEC. 46. Slander is a false and unprivileged publication other than libel, which, . . . . 3. Tends directly to injure him in respect to his office, profession, trade, or business—by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires."

Assuming that the words proved to have been spoken were substantially the same as those charged to have been spoken, the question is, Did they directly tend to injure the plaintiff in respect to his office of railroad commissioner, by imputing to him a general disqualification to perform the duties of the office in those respects which it peculiarly required?

The powers and duties of a railroad commissioner are prescribed in section 22 of article XII of the constitution and in an act of the legislature passed in 1880. (Stats. of 1880, p. 45.)

In performing the duties of the office there is no transaction involving pecuniary gain to the officer. Of course, to perform them properly the officer should be a man of integrity and good moral character, who cannot be influenced by bribery or the promise of unlawful gains. But honesty and good character are required in all offices, and in all callings and business pursuits of life, and not *peculiarly* required in the office of railroad commissioner.

The words spoken charge the plaintiff at most with only a single act of dishonesty, and that cannot, in our opinion, amount to an imputation of general disqualification. The rule is uniform that general character cannot be proved by a single act.

Again, the complaint shows that the term of office which the plaintiff held when the words complained of

were spoken expired before this action was commenced.
It also shows that he continued in the performance of
the duties of the office without molestation until the
close of his then term, and so much to the satisfaction
of the people that they re-elected him, and he had en-
tered upon his second term.   Did the words then tend
directly to injure the plaintiff in respect to his office?
We fail to see how it can be said that they did.   The
gist of the action was pecuniary loss, and it does not
appear that the plaintiff sustained any loss or was in
any way prejudiced.

The court did not err, therefore, in charging the jury
to return a verdict for the defendant, and the judgment
must be affirmed.

So ordered.