[Crim. No. 626. In Bank.—February 9, 1901.]

THE PEOPLE, Respondent, v. CHARLES NELLS JOHNSON, Appellant.

|131   511|
|f135   78|
131   511
143   601

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—AGE OF CONSENT.—A girl under sixteen years of age is legally incapable of consenting to sexual intercourse, and an assault upon her with intent to have sexual intercourse with her is, in law, an assault with intent to commit rape.

ID.—INDECENT ADVANCES—INTENT—QUESTION OF FACT—SUPPORT OF VERDICT.—The question whether the intent with which the defendant made indecent advances to the prosecuting witness was to have sexual intercourse with her or was only to gratify an un-

natural desire, is a question of fact to be determined by the jury in view of all the cicumstances of the case and the acts of the defendant. Where the evidence is such as to justify a reasonable conclusion of the former intent, a verdict of guilty of the offense charged will not be disturbed.

Id.—Abandonment of Attempt.—One who has made an assault with intent to have sexual intercourse with a girl under the age of consent cannot purge himself of the offense of an assault with intent to commit rape by a voluntary abandonment of the attempt.

Id.—Unconditional Intent not Essential—Completion of Offense.— It is not necessary to such offense that the accused should be shown to have intended to gratify his passion at all events, or to use any force; but it is enough to constitute the offense if he intended to have sexual intercourse with the child, and took steps looking toward such intercourse; and the fact that he ceased the attempt for any reason would not alter the completed offense of an assault with intent to commit rape.

Id.—Evidence—Impeachment of Witness by Party Calling Him— Surprise.—Parties may be permitted to impeach their own witnesses by proof of counter-statements when they are honestly surprised at adverse testimony given by them.

Id.—Testimony of Prosecuting Witnesses at Preliminary Examination—Harmless Ruling.—The defendant is not harmed by permission given to the prosecuting attorney to read questions and answers given by the prosecuting witnesses at the preliminary examination and to question the ·witnesses thereupon, against an objection that the prosecution was trying to impeach his own witnesses, when the statements about which the witnesses were questioned were substantially the same as those given at the trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion.

John S. Partridge, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

COOPER, C.—The defendant was charged in the information of the crime of an assault with intent to commit rape, and upon trial was convicted. He appeals from the judgment and order denying his motion for a new trial.

1. It is contended that the evidence fails to show that defendant made the assault with the intent to commit rape, but that his intention was to gratify an unnatural desire, which is not a crime under the statute. The evidence shows that the defendant enticed two little girls (one aged twelve years, the age of the other not appearing in the record) into his room, unbuttoned the clothes of the twelve year old girl, put her on the bed, unbuttoned his own clothes, and exposed his private parts, and touched and fondled the private parts of the little girl in a manner too shocking and disgusting to be repeated in an opinion of this court. The child upon whom the defendant performed in the unnatural and disgusting manner before stated testified that defendant did not try to enter or touch her person with his private parts but could have done so. That he wanted to have intercourse with her but did not. The other little girl testified to substantially the same thing, and in addition stated that defendant wanted to, and tried to, have sexual intercourse with the twelve year old girl, who had submitted to his unnatural and disgusting desires, but that she would not let him.

This is the substance of the testimony, and we think the jury were justified in finding the intention of the defendant to be as alleged in the information. The defendant assaulted the child. Being under sixteen years of age she was incapable of consenting, and therefore the assault was in law without her consent. If he had in fact had sexual intercourse with her he would have been guilty of rape. As he did not have sexual intercourse with her but did assault her, the question as to his intent was to be determined by all the circumstances and by the acts of defendant. The facts that defendant unbuttoned his trousers, that he took out his private parts, that he wanted to have sexual intercourse but the child refused, were sufficient to justify the jury in drawing the logical rational conclusion that defendant's object was to have sexual intercourse with the child. Whether he desisted because he had satisfied his morbid depraved passions in the manner described in the evidence, or because he was afraid of an outcry from the child, or because of his impotence, are all matters of conjecture. We do not think the crime charged against this defendant, and of which he was convicted, is of such a nature that we should attempt to shield him

upon imaginary reasons, or upon a theory that might possibly account for his acts as being done with the intent only to gratify an unnatural desire.

We must suppose that his acts were done with the purpose and desire that would ordinarily characterize the acts of an individual of the male sex when such acts were done with one of the female sex. That a man would entice a little girl into his room, lock the door, put her on the bed, undress her, and fondle her for the purpose of gratifying an unnatural desire, and not for the purpose of having sexual intercourse, is possible, but not at all probable. The intent of a person cannot be proven by direct and positive evidence. It is a question of fact to be proven like any other fact, by acts, conduct, and circumstances. (*People v. Landman,* 103 Cal. 580, 581.) It was the peculiar province of the jury to find the intent. (*People v. Swalm,* 80 Cal. 46.[1]) If the facts proven were such that the jury might reasonably infer the intent to be as found by them, we would not be justified in disturbing the finding. We cannot say as a matter of law that the jury was not justified in finding the intent as alleged from the acts of defendant and the circumstances under which they were committed.

2. It is claimed that the court erred in refusing to give the following instruction requested by defendant: "In order to find a defendant guilty of an assault with intent to commit rape, the assault must have been made with intent to perpetrate the crime of rape at all events. If you find that defendant voluntarily abandoned the attempt, if any there was, you must find him not guilty."

We are not given the benefit of counsel's views as to why the refusal was error, and we think the court correctly refused the instruction. The instruction, with the exception of the latter sentence, is substantially given in other parts of the charge. We do not think the latter sentence states a correct proposition of law. If the defendant made an assault as charged in the information with the intent to commit rape, the offense was complete. He could not afterward purge himself of the crime he had committed by ceasing to continue the attempt. If he had not ceased from some cause or other the

---

[1] 13 Am. St. Rep. 96.

crime of rape would have been committed. The statute has made the attempt a crime. If defendant made the attempt he is guilty of the crime as charged.

We agree with the following portion of the opinion of the supreme court of Michigan in *People v. Courier,* 79 Mich. 368: "In cases of this kind it is not necessary that it should be shown, as in rape, that the accused intended to gratify his passion at all events. If he intended to have sexual intercourse with the child and took steps looking toward such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force or to complete his intent if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information."

The contention of counsel for appellant is that although defendant made the assault and attempted to commit rape upon the child, that he is not guilty of assault with attempt because he of his own volition ceased the attempt. If the father of the child had approached defendant while engaged in the attempt, and defendant of his own volition ceased the attempt, he would not be guilty if the requested instruction is law.

3. The district attorney was permitted under defendant's objection to read certain questions and answers to the little girls while on the witness stand from their written testimony given on the preliminary examination of defendant before the magistrate. Defendant objected, upon the sole ground that the prosecution was trying to impeach their own witnesses. The mere fact that the prosecution tried to impeach these witnesses could not have injured appellant, for they were the only material witnesses against him, and he would have been benefited by any weakening of their testimony. And it is not true that, as an absolute proposition of law, parties may not impeach their own witnesses. They may sometimes do so, and especially when they are honestly surprised at adverse testimony given by witnesses whom they themselves have called. The usual objection to a party asking his own witness if he had not made statements contrary to his testimony is that thereby hearsay evidence is presented to the jury. No such objection was made in the case at bar; but if it had been it would not have

presented prejudicial error, even if error be conceded, for the former statements about which the girls were asked were substantially the same as their testimony at the trial.

This disposes of all assignments of error argued by counsel. The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J.,
Garoutte, J., Van Dyke, J.,
Harrison, J.

Temple, J., dissented.