[Crim. No. 178.  First Appellate District.—September 8, 1909.]

THE PEOPLE, Respondent, v. THEODORE RIGBY, Appellant.

CRIMINAL LAW—RAPE UPON YOUNG GIRL—RE-EXAMINATION OF PROSECUTRIX UPON TESTIMONY IN CHIEF—DISCRETION.—Upon a trial for rape charged to have been committed upon a young girl, where she had become confused upon cross-examination, it was within the discretion of the trial court to permit the district attorney to permit the prosecutrix to be re-examined as to matters testified to by her in chief. Where no abuse of discretion appears, but the record shows a proper exercise of the court's discretion, its action will not be disturbed upon appeal.

ID.—SUPPORT OF VERDICT—ATTEMPT TO COMMIT RAPE.—Where the evidence clearly shows that the conduct of the defendant with the young girl was bestial, and was such as justified an inference that he attempted to commit rape upon her without accomplishing actual penetration, and that matter was fairly submitted to the jury under appropriate instructions, the question was primarily for the jury to determine, and their verdict of guilty of an attempt to commit rape is sufficiently supported, and will not be interfered with upon appeal.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—Defendant was charged with the crime of rape, alleged to have been committed upon a girl eleven years of age. Upon his trial the jury found him guilty of assault with intent to commit rape. From the judgment and order denying his motion for a new trial he has appealed.

But two points are urged as grounds for reversal.

1. The court permitted the district attorney, over the objection of defendant, to re-examine the prosecutrix upon matters about which she had been examined in chief.

Whether or not the court should permit such a re-examination is largely a matter of discretion, and the action of the court in so doing will not be disturbed unless a clear case of abuse of discretion is shown. (*Rea* v. *Wood*, 105 Cal. 314, [38 Pac. 899]; *People* v. *McNamara*, 94 Cal. 509, [29 Pac. 953].)

In the case at bar no such abuse of discretion is shown. On the contrary, the record, in our judgment, discloses a very proper case for the exercise of such discretion. Upon her direct examination the girl had testified that defendant had inserted his private parts in her private parts, but on cross-examination had made statements inconsistent therewith. Her testimony was thus left in a very unsatisfactory condition upon this point. The re-examination was directed to this matter, and seems to have been very fairly conducted by the district attorney, who concluded by calling her attention to the inconsistent answers she had made to defendant's attorney and asking for an explanation. The verdict returned shows that the jury disregarded her statement that defendant penetrated her private parts.

2. It is next urged that the evidence is insufficient to support the verdict. Upon this point the counsel for defendant has reviewed the testimony of the girl, and pointed out what he claims to be inconsistencies therein, as well as contradictions between her testimony and that of other witnesses who gave testimony as to what occurred between defendant and the girl upon the occasion in question. Doubtless a similar

argument was made to the jury, whose province it was to determine the facts, and especially to determine the intent with which defendant committed the acts that the evidence amply proves that he did commit. We find in the record ample evidence tending to show that defendant was guilty of bestial conduct with the girl. The only plausible contention that can be made is that he did not intend to go so far as to actually have sexual intercourse with her, and attempted so to do. But this question was submitted to the jury under fair and full instructions upon these points, and the question was primarily for them to determine. We cannot interfere with their verdict if it can be fairly said to find support in the evidence. As was said in a very similar case (*People* v. *Johnson,* 131 Cal. 511, [63 Pac. 842]), "We do not think the crime charged against this defendant, and of which he was convicted, is of such a nature that we should attempt to shield him upon imaginary reasons, or upon a theory that might possibly account for his acts as being done with the intent only to gratify an unnatural desire."

We have not attempted to set forth or discuss in detail the evidence in this case. No good purpose will be subserved by so doing. It is sufficient to say that the evidence to support the verdict that was returned is quite as strong as was the evidence in the following well-considered cases: *People* v. *Johnson,* 131 Cal. 511, [63 Pac. 842] ; *People* v. *Kuches,* 120 Cal. 566, [52 Pac. 1002], and *People* v. *Logan,* 123 Cal. 415, [56 Pac. 56], in each of which cases a verdict of guilty was sustained.

The record does not present a case of a verdict depending only upon the uncorroborated and improbable testimony of the prosecutrix, and for that reason does not come within the rule laid down in the cases cited by appellant.

The judgment and order are affirmed.

Kerrigan, J., and Cooper, P. J., concurred.