[Crim. No. 124.　Second Appellate District.—October 1, 1909.]

## THE PEOPLE, Respondent, v. ROSEMVER E. SOTO, Appellant.

CRIMINAL LAW—RAPE—SEXUAL INTERCOURSE WITH YOUNG GIRL—SELECTION OF DATE FOR CONVICTION—FIRST ACT—CERTAINTY.— Where a defendant was charged with rape committed on or about January 15th in a specified year by sexual intercourse with a female child under the age of sixteen, and the district attorney offered to prove several acts committed prior to February 20th, and was required to select a particular act relied upon for conviction, his selection of the first act of sexual intercourse committed, and stated as having occurred in the latter part of January or in the first part of February and prior to February 20th, is sufficiently certain in reference to the first act committed.

ID.—SUFFICIENCY OF EVIDENCE—SUPPORT OF VERDICT—PROVINCE OF JURY AND TRIAL COURT—REVIEW UPON APPEAL.—Where the evidence of the prosecuting witness, if believed, established the case for the prosecution, and supports the verdict, it was within the

province of the jury, in the first instance, to determine the cred-
ibility of the witnesses, subject only to review by the trial court
in passing upon the motion for a new trial; and where that motion
was denied, the sufficiency of the evidence cannot be considered
upon appeal.

ID.—ADJOURNMENTS AND SEPARATION OF JURORS DURING SPECIAL HOLI-
DAYS—CONSENT OF DEFENDANT—INJURY NOT SHOWN.—The ad-
journments of the court and the separation of the jurors during
a series of special holidays declared by the governor cannot be
considered as ground for a new trial, where the record shows that
the defendant consented to the adjournments, and is not shown to
have been injured or prejudiced by the irregularity consented to.

ID.—MISCONDUCT OF JUROR—CONFLICTING AFFIDAVITS—QUESTION OF
FACT—FINDING BY TRIAL COURT NOT DISTURBED.—Whether or
not one of the jurors was guilty of misconduct depended upon the
truth of the affidavits presented to the trial court on the motion
for a new trial; and when these were conflicting, the finding made
by the trial court upon the question of fact will not be disturbed.

ID.—EVIDENCE—RE-EXAMINATION OF PROSECUTRIX ON REBUTTAL—SPE-
CIAL REASONS—DISCRETION—ABUSE NOT SHOWN.—While the trial
court ought not, without special reasons therefor, to permit the
re-examination of the prosecutrix, on rebuttal, upon matters about
which she was examined in chief, yet this matter rests largely in
the discretion of the trial court, and its action will not be dis-
turbed, when no abuse of discretion is shown.

ID.—ADMISSIBILITY OF OTHER ACTS OF SEXUAL INTERCOURSE.—When
one act of sexual intercourse is relied upon for conviction, evi-
dence of other acts is admissible as tending to prove the main
charge. This rule applies in the case of the statutory rape of a
child under the age of consent, as well as in other cases of offenses
involving sexual intercourse by consent.

ID.—PREGNANCY OF YOUNG GIRL—EVIDENCE OF CORPUS DELICTI—
EXHIBITION OF CHILD BORN—ADMISSION BY DEFENDANT—HARM-
LESS ERROR.—While the pregnancy of a girl under the age of con-
sent is admissible to prove the *corpus delicti,* and that the crime
of rape has been committed by some person, yet this rule does
not extend to justify the prosecution in producing and exhibiting
a child claimed to have been born as the result of acts proved;
but any error therein was harmless where the defendant admitted
in open court that the child was that of the prosecuting witness.

ID.—IMPROPER COURSE OF DISTRICT ATTORNEY—RELIANCE UPON CON-
CEPTION OF CHILD BY SUBSEQUENT ACT—CORRECTION BY INSTRUC-
TIONS.—*Held,* that the course of the district attorney, after direct
questions as to who was the father of the child had been dis-
allowed, in persistently relying upon a subsequent act as resulting
in the conception of the child, is not to be commended, and would

be deemed misleading to the jury if it had not been corrected or rendered harmless by a specific instruction that the jury must be confined to the first act of intercourse selected, and that if they were not satisfied beyond a reasonable doubt that such act was proved, they must find for the defendant, notwithstanding they may be satisfied beyond a reasonable doubt as to subsequent acts.

ID.—PRESUMPTION AS TO ACTION OF JURY.—It must be presumed that the jury followed the specific instruction by the court, and that their verdict could not be predicated on any other act than the one selected.

ID.—PUNISHMENT FOR OFFENSE NOT DEPENDENT ON TECHNICAL APPLICATION OF RULES.—The records of this court disclose that this offense, the debauching of a female child, is frequently accompanied by a series of acts of sexual intercourse; and the punishment of this most infamous crime ought not to be made to hang on a technical application of rules of pleading and evidence, where the only question is which one of innumerable acts was selected by the district attorney as the basis of the prosecution.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Lamy & Putnam, and A. E. Campbell, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Information for rape of female child under the age of sixteen. Verdict of guilty and sentence of twenty years in state prison. Appeal from judgment and order denying defendant's motion for a new trial.

The crime is charged in the information to have been committed on or about the fifteenth day of January, 1906. The district attorney, in his opening statement, said that he would prove that the defendant had intercourse with the prosecutrix once in January, 1906, and twice in the month of February prior to the 20th of that month, whereupon the defendant moved the court to require the district attorney to select the date or particular act as to which he would ask a conviction. The motion being granted, the district attorney declared that he would stand upon the act of

11 Cal. App.—28

sexual intercourse which would fasten upon the defendant the paternity of a child of which the prosecutrix was delivered June 9, 1907. A more specific selection being demanded, the district attorney then stated that he would stand upon the first act proved, and, upon further objection, made his selection in the following language: "The prosecution will stand upon the first act of sexual intercourse which they claim that the defendant had with the prosecuting witness, and which act occurred some time either during the month of January, or during the month of February, up to the 20th of February of the year 1906, it being the first act of intercourse claimed to have taken place between the prosecutrix and the defendant."

This selection was still objected to and it is now urged was not sufficiently specific to enable the defendant to know which act was selected as the basis of the prosecution. If the selection or election rested upon the above, we might be disposed to sustain the appellant's contention that it was insufficient, but after the formal election by the district attorney above mentioned, the court said: "The act you select is the first act of sexual intercourse between these parties, and you claim it occurred in the latter part of January or the first part of February and prior to the 20th day of February. . . . And you admit that there were two subsequent acts at about that date, prior to the 20th day of February." To which the district attorney replied: "One or two; I don't know."

Accepting the language of the court as the selection of the one specific offense for the commission of which the defendant was to be put upon trial, we think it comes within the requirements prescribed in *People* v. *Williams,* 133 Cal. 165, [65 Pac. 323].

The language of Justice Temple on page 166 of 133 Cal. [65 Pac. 323] of the opinion in that case is applicable to, and meets the presentation of, the appeal here upon the sufficiency of the evidence to support the verdict. If the evidence of the prosecuting witness is entitled to credence, the case was established and the verdict a proper one. The credibility of the witnesses was for the jury, in the first instance, subject to review by the trial court upon the motion for a new trial, and no question of this kind can be considered by this court.

While the attorney for defendant was arguing the case before the jury it was suggested to the court that the governor had declared the day (October 30, 1907) to be a legal holiday. This was followed by other proclamations creating a series of holidays lasting until December 2, 1907, and during this period the jurors were not put in charge of an officer but were allowed to separate and go about their respective occupations. It is contended this was error. It is not necessary to pass upon this question, as the record discloses that the defendant consented to the various adjournments of the case between the dates named, and, in the absence of any affirmative showing of injury or prejudice from an irregularity to which a defendant has consented, it cannot be regarded as ground for a new trial.

Whether or not one of the jurors was guilty of misconduct depended upon the truth of the affidavits presented to the trial court on the motion for a new trial. The affidavits filed by the respective parties were conflicting, and the finding made by the trial court upon the question of fact will not be disturbed.

While the trial court ought not, except there be special reasons therefor, to permit the re-examination on rebuttal of the prosecutrix upon matters about which she was examined in chief, this matter rests largely in the discretion of the trial court, and its action will not be disturbed unless a clear case of abuse is shown. Such a showing is not made here. (*People* v. *Rigby, ante,* p. 275, [104 Pac. 840].)

In respect to the admission of evidence of other acts of sexual intercourse, it was said in *People* v. *Castro,* 133 Cal. 12, [65 Pac. 13], in the majority opinion, that those occurring both before and after the principal act charged may be introduced in evidence as tending to sustain the main allegation. This was affirmed in *People* v. *Williams,* 133 Cal. 168, [65 Pac. 323], where Temple, J., says other like offenses may be shown to prove that the parties are lewdly inclined, and that the barriers of modesty have been broken down with reference to each other—not primarily to prove habitual or continuous criminality or other offenses. And again, in *People* v. *Koller,* 142 Cal. 624, [76 Pac. 501], Lorigan, J., after laying down the rule that acts occurring both before and subsequent to the act constituting the crime charged

may be admitted, adds: "Not to prove distinct offenses, or continuous criminality, but as corroborative evidence tending to support the one specific offense for which the defendant is being tried." While all the authorities relied upon in support of this rule limit the application to cases involving intercourse by consent, it is, nevertheless, held applicable in this state in the case of statutory rape of a child under the age of consent. (*People* v. *Mathews,* 139 Cal. 527, [73 Pac. 416].)

The evidence introduced here took an exceedingly wide range in this regard; the trial becoming, in effect, a trial of the issue suggested by the act first selected by the district attorney, to wit, the one resulting in prosecutrix's pregnancy. The examination as to this act stopped only with the question: "Who is the father of the child?" While proof of pregnancy of a child under the age of consent has been held to be evidence that the statutory crime of rape has been committed, it has never been held admissible, so far as we are aware, except it tends to prove the *corpus delicti.* (*People* v. *Tarbox,* 115 Cal. 57, 62, [46 Pac. 896].) That was not the case here. We know of no case extending the rule declared in *People* v. *Castro,* 133 Cal. 12, [65 Pac. 13], to include the right of the district attorney to produce and exhibit before the jury a child born of some one of the collateral acts of intercourse six or more months removed from the act constituting the offense. The error, however, if any, committed by the introduction of this kind of testimony was rendered harmless by the admissions of the defendant in open court to the same effect.

While an objection to each of the two direct questions propounded to the prosecutrix as to who was the father of the child born to her on June 9, 1907, was sustained, the district attorney was permitted to ask the prosecutrix over the objection of defendant: "Now, from the time that you had this act of sexual intercourse with your Uncle Dave which you say you told Ross Soto [defendant] about until you had this child on June 9th last, had you had sexual intercourse with anybody else besides the defendant?" To which she replied: "No, sir." In line with this a series of questions were propounded to the prosecutrix as to her comparative liking for the defendant and her Uncle Dave (it being admitted that the prosecutrix had intercourse with the

latter prior to the date of her intercourse with defendant),
with a view of further strengthening the foregoing state-
ment as to the paternity of the child. Some of these were:
"Did you like him [defendant] up to the time that you had
left in November?" "Did you like your Uncle Dave at that
time?" "Now, which one did you like better at that time,
Josie, your Uncle Dave or the defendant?" "You think a
great deal of him [defendant]?" "How long did you con-
tinue to think a great deal of him?" "A. Till he got me
in the family way." If the instructions of the trial court
had not been so full and complete in this regard, it would be
difficult not to adopt the view of appellant that the jury was
misled by the persistent efforts of the district attorney to
secure a conviction upon the act which resulted in the con-
ception of the child born June 9, 1907, notwithstanding an-
other act was selected by the court and such selection as-
sented to by the district attorney. Unquestionably the act
alleged in the information, by the manner of conducting the
case, was rendered less important than the matter of the
paternity of the child, and the latter was urged upon the
jury as if this were the matter for determination. This
course of the district attorney is not to be commended, but
as the jury were instructed by the court that they must, in
arriving at a verdict, confine themselves to the one act se-
lected, the one taking place between January 15, 1906, and
the twentieth day of February, 1906, and that they must
acquit the defendant if they were not satisfied of the com-
mission of this act, notwithstanding they were convinced
beyond a reasonable doubt as to his having had illicit rela-
tions with the prosecutrix at some subsequent date, we
must assume the jury obeyed the court's instructions in this
respect.

As hereinabove stated, the examination took a wide range.
This was true as to the questions of the people and also those
propounded on behalf of defendant. While demand was
made by defendant for the selection of a particular act as
the basis of a conviction, the testimony of both parties with
respect to the continued relations between the defendant
and the prosecutrix was introduced as if the offense were
laid with a *continuando*. Equally unlimited was the exami-
nation as to the relations of the prosecutrix with her uncle
and her statements in respect to those relations; and in the

same manner the relations of defendant with his wife were inquired into by the district attorney, both on the cross-examination of the wife and the cross-examination of the defendant. We are not prepared to say that these questions were not cross-examination, and in so far as they were immaterial, or irrelevant, or incompetent, the manner of conducting the case relieved the evidence elicited by them from any harmful effect.

Recognizing the rule that each of the acts between the defendant and the prosecutrix constituted a separate and distinct offense for which he may be prosecuted, the instructions given by the court were so worded that the conviction in this case could not be predicated upon any act but that selected by the court, with the district attorney's assent, and, had he been acquitted, there would have been no doubt as to which act was covered by such an acquittal. While under our system of pleading one particular act or some special time is required to be selected for the purpose of a conviction in cases of this character, the records in this court disclose that this offense, the debauching of a child, is frequently accompanied by a series of acts of sexual intercourse, and the punishment for this most infamous crime ought not to be made to hang upon a technical application of the rules of pleading and evidence, where the only question is which one of innumerable acts was selected by the district attorney as the basis of the prosecution.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 30, 1909.