## JOE PITTMAN v. STATE.

No. A-1225.   Opinion Filed September 14, 1912.

(126 Pac. 696.)

1.  **INDICTMENT AND INFORMATION**—Conviction of Offense Included in Charge—Rape and Assault to Rape. The offense of assault with intent to commit a rape is included in an indictment for statutory rape.

2.  **RAPE**—Evidence—Sufficiency. In a prosecution for rape of a child 12 years of age, evidence examined, and held sufficient to support a conviction for assault with intent to commit rape.

3.  **EVIDENCE**—Flight of Accused. In a prosecution for rape, the fact that the defendant fled from his home is admissible as tending to establish guilt.

(Syllabus by the Court.)

*Appeal from District Court, Bryan County;*
*Summers Hardy, Judge.*

Joe Pittman was convicted of an assault with intent to commit rape, and appeals. Affirmed.

*J. Q. A. Harrod,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, hereinafter referred to as the defendant, was indicted in the district court of Bryan county on December 17, 1910. The indictment charged that on May 16, 1910, "One Joe Pittman, late of Bryan county, did unlawfully and feloniously in and upon one Eula Yancey, a female under the age of 14 years, make an assault, and with her, the said Eula Yancey, he, the said Joe Pittman, then and there did have sexual intercourse, she the said Eula Yancey not being the wife of him the said Joe Pittman, contrary to," etc. On his trial the defendant was found guilty of assault with intent to commit rape, and his punishment assessed at three years in the penitentiary. February 4, 1911, the court overruled a motion for a new trial and entered judgment in accordance with the verdict.

The defendant appealed, by filing in this court June 29, 1911, a petition in error, with case-made attached.

It is contended that under this indictment he should have been convicted of rape in the first degree or acquitted, and that for this reason his conviction of assault to commit rape is not sustained by the evidence. Testimony tending to prove the defendant's guilt of rape as charged necessarily included that of assault with intent to commit rape. Section 6875 (Comp. Laws 1909), Procedure Criminal, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

In the case of *Lee v. State,* 7 Okla. Cr. 141, 122 Pac. 1111, it is said:

"The prosecutrix, being under the age of consent, was conclusively incapable of legally consenting to an assault with intent to have carnal knowledge of her. Every attempt to commit a felony against the person involves an assault; and if the acts of the defendant, done in furtherance of a purpose to have carnal knowledge of the prosecutrix, constituted an assault to commit rape, if done without her consent, then no act of hers could waive such assault. That there may be an assault with intent to rape upon a consenting female, where she is under the age of consent, on the ground that in law she cannot consent to such an assault, is held in the following cases: *People v. Johnson,* 131 Cal. 511, 63 Pac. 842; *Gibbs v. People,* 36 Colo. 452, 85 Pac. 425; *Territory v. Keyes,* 5 Dak. 244, 38 N. W. 440; *Schang v. State,* 43 Fla. 561, 31 South. 346; *Hanes v. State,* 155 Ind. 112, 57 N. E. 704; *State v. Johnson,* 133 Iowa, 38, 110 N. W. 170; *Com. v. Roosnell,* 143 Mass. 32, 8 N. E. 747; *People v. Chamblin,* 149 Mich. 653, 113 N. W. 27; *State v. Wray,* 109 Mo. 594, 19 S. W. 86; *Liebscher v. State,* 69 Neb. 395, 95 N. W. 870, 5 Ann. Cas. 351; *State v. Jackson,* 65 N. J. Law, 105, 46 Atl. 764; *Singer v. People,* 75 N. Y. 608; *State v. Dancy,* 83 N. C. 608; *State v. Sargent,* 32 Ore. 110, 49 Pac. 889; *Croomes v. State,* 40 Tex. Cr. R. 672, 51 S. W. 924, 53 S. W. 882; *State v. Clark,* 77 Vt. 10, 58 Atl. 796; *Glover v. Commonwealth,* 86 Va. 382, 10 S. E. 420; *State v. Hunter,* 18 Wash. 670, 52 Pac. 247; *Loose v. State,* 120 Wis. 115, 97 N. W. 526; *Ross v. State,* 16 Wyo. 285, 93 Pac. 299, 94 Pac. 217; Cyc. vol. 33, p. 1434, footnote 51. See, also,

volume 2, Am. Ency. L. (2d Ed.) p. 987, and page 361, vol. 1, of Supp., and cases cited in the footnotes."

"Where the proof is not conclusive as to the consummation of penetration, and the proof is evident as to assault with intent to commit rape, it is the duty of the trial court to instruct the jury of their right to convict of the lower offense." (*Vickers v. U. S.,* 1 Okla. Cr. 452, 98 Pac. 467.)

It is also insisted that the evidence was insufficient to justify the verdict of the jury. Without a recital of the evidence in detail, it is sufficient to say that there is testimony of the victim of the assault as to all the facts necessary to make out the crime, and this witness, 13 years of age, is corroborated by the testimony of a physician, who testified that he made an examination a week or ten days after the crime is said to have been committed, and found her slightly bruised, and the private parts swollen to some extent, although the hymen was not ruptured. There was also evidence of flight, and that, while the defendant was preparing to flee to avoid arrest, he made admissions to several persons tending to show his guilt of the crime charged. This, in our opinion, is sufficient to sustain the verdict.

It is well settled by this court that it will not undertake to pass upon the weight of the evidence, and unless there was no substantial evidence to justify the verdict, or it was the result of passion, prejudice, or partiality on the part of the jurors, it will not interfere.

We discover no error in the record proper. The judgment is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.