## PAUL WETTENGEL et al. v. STATE.

No. A-4711.   Opinion Filed May 2, 1925.
(236 Pac. 626.)

(Syllabus.)

1.  **Intoxicating Liquors—Evidence Sustaining Conviction for Manufacturing Liquor.** Evidence examined and found to sustain the verdict and judgment.

2.  **Evidence—"Flight" as Evidence of Guilt.** "Flight" is a circumstance tending to establish guilt, and does not consist alone of an entire departure from the place of crime, but a withdrawal and concealment is a flight.

Appeal from County Court, Dewey County; R. L. Foster, Judge.

Paul Wettengel and Fred Fipps were convicted in the county court of Dewey county on the charge of manufacturing intoxicating liquors, and appeal. Affirmed.

Jno. V. Roberts, for plaintiffs in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. For brevity the plaintiffs in error will be referred to as defendants. The evidence is very brief, and to the following effect: The sheriff, county attorney, and a deputy went with a search warrant to the place of residence of the defendant Wettengel. Wettengel was not at home, but his wife and the defendant Fipps were there. The wife obstructed the door for some few minutes and had the search warrant read to her, and, not understanding all its legal phraseology, had it read a second time before she admitted the officers into the house. She also informed them no one except herself was in the house. The officers found some whisky in the house, and at the barn found about 50 gallons of whisky and 1,200 gallons of mash, 3 oil stoves with a pressure pump, and 3 stills connected up for operation. While the sheriff and deputy were at the barn, the county attorney decided there was some one concealed in the loft of the house, and after some considerable search located the defendant Fipps hiding in the attic. This came near being a literal hiding behind a woman's skirts. There was a Ford car belonging to Fipps near the house with a 5-gallon bottle in it containing a little whisky. He lived some distance away from the Wettengel place.

This was the evidence of the state. Neither of the defendants took the stand nor offered any evidence. It is contended that the information is defective in failing to describe the stills, but no authorities are cited, and the contention seems not to be seriously made and is not tenable.

It is then argued that the evidence as to the defendant Fipps is insufficient. True, it is circumstantial; but it seems to us that if Fipps was not connected with the manufacture of whisky and was a mere visitor at the Wettengel place, at the time of his arrest he would have denied his

connection with the manufacture of whisky. If not, then, at the trial surely he would have taken the stand and have so testified. A defendant is not required to take the stand, and upon a trial the failure to so take the stand and testify must not be mentioned; such mention constitutes per se ground for a new trial. But we know of no rule that makes it improper for this court to consider such failure under circumstances shown by the record in this case.

The hiding of the defendant Fipps in the attic at the approach of the officers is in effect a flight. It is a circumstance tending to prove his guilt.

"Flight" is not necessarily a departure from the community or place of crime. A withdrawal and concealment is, in effect, a flight, and is an indication or circumstance strongly tending to prove a consciousness of guilt. Pittman v. State, 8 Okla. 58, 126 P. 696; Robinson v. State, 8 Okla. Cr. 667, 130 P. 121; Jackson v. State, 12 Okla. Cr. 406, 157 P. 945.

Finding no error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.