## MORRIS QUINN v. STATE.

No. A-8100. Sept. 5, 1931.
(2 Pac. [2d] 970.)

R. R. Rittenhouse, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Tulsa county of the theft of an automobile, and was sentenced to serve a term of 15 years in the penitentiary.

The record discloses that at the time charged defendant, a young man about 20 years of age, and two other young men, stole an automobile at Tulsa and were apprehended with it near Sand Springs. Defendant and his companion at the time they were apprehended by the officers were disarmed. After they were taken to Tulsa, and when in the elevator for an upper floor to be confined, defendant drew a pistol concealed on his person, which the officers had not found, thrust it against one of the officers, and threatened to kill him, but was prevented. Defendant did not take the stand, and offered no testimony.

The main contention is that the court erred in permitting the state to offer testimony of the difficulty in the elevator. The state insists this evidence was admissible as showing an attempt to escape. Evidence of resistance to arrest, flight, escape or attempt to escape, is generally held admissible as showing a consciousness of guilt. The presumption arising from such conduct may be rebutted, and it is for the jury to say whether or not the conduct is due to a consciousness of guilt. 1 Wig. on Ev. 276; People v. Talbe, 321 Ill. 80, 151 N. E. 529; Cox v. State, 25 Okla. Cr. 252, 220 Pac. 70. The surrounding facts and circumstances in this case render this evidence competent. Unexplained as it was, the jury must have believed the attempt to use the pistol was in an attempt to escape.

It is also argued the punishment is excessive. If the record disclosed no more than the bare theft of an automobile, we should agree with counsel that it is too severe, and modify the judgment. However, we have judicial

knowledge of the fact, evidenced by the press daily, that robberies, hijacking, and such crimes are of almost daily occurrence. Defendant and his companions being heavily armed when apprehended with this stolen automobile and his desperate attempt to escape indicate the theft of this car was but preparatory to the commission of further crimes.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.