## PEOPLES v. STATE.
### No. A–11959.

Criminal Court of Appeals of Oklahoma.
April 28, 1954.

Oerke & Crane, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Ass't. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Bennie Peoples was charged by an information filed in the District Court of Comanche County with the crime of burglary in the second degree after a former conviction of a felony; was tried, convicted, and sentenced to serve 15 years in the penitentiary and has appealed.

The evidence of the State showed that a general store owned and operated by one E. D. Himes in Sterling was broken into on the night of November 21, 1952, and approximately $800 worth of merchandise

consisting of shoes, dresses, overalls, shirts, pants, and other articles was taken.

Mr. Himes testified that he made an investigation of his store building the night of the burglary and found that the bolts to a hasp on the door had been removed and the door to the store was opened. A heavy safe had been carried outside to the rear of the store near the door. The dial had been knocked from the safe and it showed evidence of being struck a great many times with a heavy instrument. The store was completely disarranged and a large number of articles hereinabove noted were missing. The officers were notified and they commenced an immediate investigation. Later, a considerable quantity of clothing was recovered by the officers in a house trailer in the city of Lawton and also from a Mr. and Mrs. Flowers, who occupied an apartment adjoining that of the defendant and his wife, and from other parties.

Mrs. Nell Flowers testified that on the night of the burglary she and her husband were living in an apartment located at 1101 South 11th Street in Lawton; that defendant and his wife occupied an adjoining apartment, and that both families used a bathroom between the two apartments. That she and her husband sat up late playing cards on November 21, 1952; that she saw two men come into the Peoples' apartment around twelve o'clock. After she had retired, she was awakened about three or four o'clock in the morning by loud voices in the Peoples' apartment. The next morning she saw a box containing "overalls, khaki, and things like that" in the bathroom. That the defendant told her they could have the work clothes which were in the box and defendant also gave her a jacket and a pair of shoes. That later, her husband took the box of clothes to Deafy's Van on Second Street. On cross-examination she said that the clothes came from the cellar in the back of the apartment building but that when she woke up on Saturday the box was in the bathroom, which was jointly used by the occupants of the two apartments.

All of this clothing, a shotgun taken in the burglary, some shoes taken off of the defendant after he was arrested and placed in jail, some dresses worn by Donna Pinkston, and other articles were identified by Mr. Himes as having been taken from his store. Also recovered from the cellar at the Peoples' apartment were several partially burned tags which had been removed from the clothing and on which, in the handwriting of Mr. Himes, were marked the cost and sales prices of the various articles of merchandise.

The State's proof further showed that the defendant sawed through the bars of his cell and escaped from jail, but in making his break he suffered a broken leg which enabled the officers to arrest him within a few minutes after the escape had been made. Also as a part of the State's case there was introduced proof of three prior convictions for felonies; one for larceny of domestic animals, and two for robbery with firearms, which had been sustained by the accused.

The single proposition presented in the brief of defendant is that the trial court erred in admitting in evidence State's Exhibits 1, 2, 3, 4, 5, and 7. These exhibits were all various articles of merchandise identified by Mr. Himes as having been taken from his store at the time of the burglary. Exhibit No. 1 was the box of clothes described by Mrs. Flowers as having been in the bathroom the morning following the burglary and out of which the defendant gave her and her husband some clothes. This box of clothing was recovered by the officers from a trailer house occupied by a man known as Deafy Smith. The testimony of Mrs. Flowers was sufficient to show that defendant was exercising control over the box of clothing the morning after the burglary. Its identification by Mr. Himes was sufficient to authorize the court to admit it in evidence.

Exhibit No. 2 was a 16-guage shotgun. Mr. Himes identified it as having been taken from his store during the burglary. It was recovered by the officers from one Otis Minex. Mrs. Flowers testified that the morning following the burglary she saw the shotgun for the first time in a closet in her apartment and that it was

taken by her husband along with the box of clothing to Deafy's Van. While there was no direct testimony that defendant at any time exercised control over the shotgun, the circumstances surrounding its being found in the closet of the adjoining apartment, considered along with the other facts and circumstances showing the exercise by defendant of control over a box of clothes in the bathroom jointly used by Flowers and Peoples was a sufficient circumstance to justify its admission in evidence, after the same had been identified by Mr. Himes as the gun which was stolen in the burglary.

■ Exhibits No. 3 and 4 were two dresses which Mr. Himes identified as having been taken from his store. Donna Pinkston testified that she was living in the apartment with Mr. and Mrs. Peoples; that she went to Medicine Park after she finished her work on November 21, 1952, and arrived back at her apartment about two or three o'clock a. m.; that Mr. and Mrs. Peoples were at the apartment, and Mrs. Peoples told her she had two dresses and a coat which she could have if she could wear them. The two dresses were later delivered to the officers.

Mr. Himes gave a sufficient identification of these exhibits so that we think they were clearly admissible in evidence, as they were in the apartment of defendant and his wife the night of the burglary, and almost within an hour or two after it was allegedly committed.

■ Exhibit No. 5 was a pair of Boulevard shoes taken from defendant's feet on November 26th, after he had been in jail for two or three days. Mr. Himes testified that some Boulevard shoes were taken from his store exactly like those which were on defendant's feet. The shoes were new. Defendant sought to establish that the shoes were purchased from the J. C. Penney Company, but when a clerk was called as a witness to establish this fact she stated that she did not sell him the shoes identified as Exhibit No. 5, as all of the shoes sold at the J. C. Penney store had the Penney brand stamped upon them.

She did testify that she recently sold the defendant some J. C. Penney shoes.

The circumstantial evidence was sufficient to justify the admission of this exhibit in evidence for such weight as the jury might see fit to give it.

■ State's Exhibit No. 7 was an envelope containing some pieces of paper which were identified as being some of the tags and size numbers which were on the merchandise which had been stolen from Mr. Himes. They were partially burned and some of them had been found in the cellar at the Peoples' apartment, and others in the apartment occupied by defendant. The court required the officer who found the various pieces of paper making up this exhibit to separate those found in the cellar from those found in the apartment and admitted those found in the cellar in evidence while refusing to admit those actually found in defendant's apartment. We are unable to ascertain the basis for any distinction between these various tags which were found in these places. It appears to us that all of them were admissible in evidence. Those in the cellar under defendant's apartment were in close enough proximity to defendant's apartment to justify their admission. Especially is this true in view of the testimony of Mrs. Flowers that a part of the clothing that was later identified as having been taken in the burglary and which defendant assumed to control was in the cellar. This was just another circumstance which was entitled to such weight as the jury might see fit to give it in passing on the question of defendant's guilt or innocence.

■■ In Hopper v. State, 81 Okl.Cr. 158, 160 P.2d 942, it was held:

"Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of posi-

tive identification goes to the weight of such evidence rather than to its admissibility."

"The presumption arising from the possession of recently stolen property is one of act, and not of law. Such presumption is merely an evidential fact tending to establish guilt which should be submitted to the jury to be considered in connection with all the other facts and circumstances disclosed by the evidence."

In Wright v. State, 77 Okl.Cr. 393, 142 P.2d 128, it was stated:

"Where the charge is burglary, if property taken from the owner is soon thereafter found in possession of the person charged with the burglarious entry, proof of this fact, together with circumstances showing guilty conduct, is presumptive evidence, not only of the burglary, but also that he made use of the means by which the property was taken from the owner."

In Crabb v. State, 86 Okl.Cr. 323, 192 P.2d 1018, 1019, this court discussed the presumption which arose from the possession of recently stolen property and therein held:

"The presumption arising from the possession of recently stolen property is one of fact and not of law. It is a circumstance for the jury to consider and weigh along with all the other evidence in the case. If the possession is unexplained, or if it is unsatisfactorily explained, or the explanation even though plausible, is not believed, the jury will accord it such weight as they deem right and proper. They are the sole judges as to its weight; and when such fact with the other facts and circumstances in evidence, when given due weight, satisfy the jury beyond a reasonable doubt of defendant's guilt, it is sufficient to sustain the verdict."

■ The defendant did not testify and offered no evidence attempting to justify or explain his possession of the stolen goods. Within a comparative few hours after the burglary, a part of the stolen property was found in defendant's possession. The proof of defendant's escape from jail and attempted flight was competent evidence against the accused tending to show consciousness of guilt. Pittman v. State, 8 Okl.Cr. 58, 126 P. 696; Quinn v. State, 52 Okl.Cr. 81, 2 P.2d 970.

■ We are satisfied from a thorough examination of the record of the defendant's guilt and that he has been given a fair trial. The judgment and sentence of the District Court of Comanche County is affirmed.

POWELL, P. J., and BRETT, J., concur.