## CHARLES CRUZAN et al. v. STATE.

No. A-2445. Opinion Filed January 15, 1917.

(161 Pac. 1179.)

1. **TRIAL—Severance.** Under Procedure Criminal, section 5878, Rev. Laws 1910, where two or more persons are jointly charged with a misdemeanor, the granting or refusal of a severance rests in the discretion of the court. The exercise of such discretion is reviewable; but to be reviewed the case-made must show an application for a severance setting out sufficient grounds therefor and supported by affidavits or oral testimony.

2. **APPEAL AND ERROR—Instructions.** Errors assigned upon instructions given by the trial court will not be considered upon appeal, where the record fails to show that any objections were made or exceptions taken to such instructions at the time they were given.

3. **INTOXICATING LIQUORS—Offenses—Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquors with intent to violate provisions of the prohibitory law, the evidence considered, and **held** sufficient to sustain the verdict and judgments of conviction.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

Charles Cruzan, Sarah Johnston, and W. M. Simonson were jointly convicted of the unlawful possession of intoxicating liquors, and they appeal. Affirmed.

*McNeill & McNeill,* for plaintiffs in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case jointly charged Berry Janes, Charles Cruzan, Sarah Johnston, and W. M. Simonson, with the crime of having possession of intoxicating liquors with the unlawful intent to violate provisions of the prohibitory liquor law. When the case was called for trial, it was shown that the defendant

Berry Janes was unable to be present on account of sickness, and the case was continued as to him. Thereupon defendant Sarah Johnston moved for a separate trial, which motion the court overruled. The case proceeded to trial, and the plaintiffs in error were found guilty. From the judgments rendered in pursuance of the verdict, wherein Charles. Cruzan was sentenced to pay a fine of $50 and be confined in the county jail for a period of 30 days, and Sarah Johnston was sentenced to pay a fine of $100 and be confined in the county jail for 30 days, and W. M. Simonson was sentenced to pay a fine of $100 and be confined in the county jail for a period of 30 days, the plaintiffs in error appeal.

The ruling of the court in refusing to grant the defendant Johnston a severance is the first error assigned.

Our Criminal Code provides that:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court." (Section 5878, Rev. Laws 1910.)

The exercise of the discretion here given to the trial court in granting or refusing a severance in a misdemeanor case is reviewable; but, to make the same the subject of review, the case-made or bill of exceptions must show an application for a severance setting out some unusual and extraordinary condition or state of facts in connection with the case which would materially prejudice the rights of the applicant in a joint trial; and this must be supported by affidavits or oral testimony, and may be controverted by the state in the same way. In the absence of such showing on the part of the applicant the trial court cannot know and is not required to antici-

pate that a situation will arise in the trial justifying a severance. *Steen v. State,* 4 Okla. Cr. 309, 111 Pac. 1097.

The case-made before us discloses a mere motion for a severance "for the reason that the evidence introduced in the case on behalf of the other defendant is such as to bias and prejudice the interest of the defendant." The motion was not verified nor supported by affidavit or oral testimony, and we might add that the record of the trial discloses no reason why a severance should have been granted. In our opinion the court very properly overruled the motion for a severance.

It appears from the evidence that the parties charged were all engaged in running a restaurant at Ralston, commonly called the "Blue Goose"; that the place had been raided in the preceding August and intoxicating liquor had been found in the room of Sarah Johnston; that in September on the date alleged in the information another raid was made, and some 200 bottles of whiskey and beer were found concealed in the walls of the rooms in which the defendants Johnston and Janes were sleeping. That day the defendants Cruzan and Simonson drove from Ralston to Pawnee, the county seat. Returning about midnight, they drove to the rear of the restaurant and unloaded a trunk and a case of whiskey. On this trip they were followed by Jim Glenn and John Douglas, local detectives, and that night 25 or 30 of the citizens of Ralston waited near the highways and watched for their return from Pawnee, and several of these persons were present when the defendants were arrested. Several witnesses testified that several bottles of whiskey were found that night near the back door of the restaurant. Other witnesses testified that they had bought beer and whiskey in

the Blue Goose restaurant from the defendants Johnston and Simonson.

Defendant Simonson, as a witness in his own behalf, testified that he was a waiter and dish washer in the restaurant, working for Berry Janes; that on the day in question he rode with the defendant Cruzan to Pawnee to get Aunt Sarah's trunk; that they drove back that night with the trunk in the wagon and unloaded it at the rear door of the restaurant, and shortly afterwards they were arrested; that they did not haul any whiskey in the wagon, and he never did sell any whiskey or beer.

The defendant Sarah Johnston, as a witness in her own behalf, testified that she worked for Berry Janes at the Blue Goose and cooked and waited on the lunch counter, and sold Tempo and pop; that she did not know how the whiskey got into the building, and did not know of any sales of whiskey at the place while she was there; that she sent her codefendants Cruzan and Simonson to Pawnee that day after her trunk, and specifically denied that she sold beer or whiskey to the witnesses who testified against her.

The above and foregoing briefly summarizes the testimony in the case, the transcript of which covers more than 200 pages. However, it is sufficient to show that the errors assigned on the insufficiency of the evidence to sustain the verdict are without merit. Before this court will reverse a conviction upon the ground that the verdict of the jury is contrary to the evidence, we must find that there is no testimony in the record from which the jury could rationally conclude that the defendant was guilty, unless it appears from the record that the jury were influenced by improper motives in arriving at their verdict.

We find nothing in the record before us indicating improper motives or prejudice on the part of the jury.

It is also insisted that the court erred in giving instruction No. 6, defining the term *"prima facie"* evidence. The record discloses that no specific objection was made or exception taken to said instruction.

We cannot consider questions relating to instructions that were not raised as authorized by the statute or by the practice of the courts, unless fundamental error is apparent, because if there was error it was, in effect, waived.

In the case of *Williams v. State*, 12 Okla. Cr. 39, 151 Pac. 900, it is said:

"Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that we are permitted to reverse a conviction, whether or not an exception has been taken in the trial court."

Without saying that the instruction complained of is correct, we are content to say that the instructions as a whole fairly cover the law of the case, and no court is justified in reversing a judgment if, on the whole record, it appears that justice has been done and that no prejudice has resulted by reason of error in the instructions given.

Absolute correctness of proceeding cannot be attained, even in our very best courts, and the establishment of any other rule would render the administration of the criminal laws practically impossible.

After a careful review of the record, our conclusion is that the plaintiffs in error have had a fair trial and were properly convicted.

The judgments appealed from are therefore affirmed.

ARMSTRONG and BRETT, JJ., concur.