WILLIAM MURPHY *et al.* v. STATE.

No. A-2487.    Opinon Filed May 19, 1917.

(164 Pac. 1000.)

TRIAL—Severance—Discretion of Court—Review.    Under Procedure Criminal, sec. 5878, Rev. Laws 1910, when two or more defendants are jointly prosecuted for a misdemeanor, the granting or refusal of a severance rests in the discretion of the court. The exercise of such discretion is reviewable; but, to be reviewed, the case-made or bill of exceptions must show an application for severance setting out sufficient grounds therefor, and supported by affidavits or oral testimony.

*Appeal from Superior Court, Muskogee County;*
*H. R. Thurman, Judge.*

William Murphy and Mrs. R. T. Kane were convicted of a violation of the prohibitory law, and they appeal.    Reversed as to defendant Murphy, and affirmed as to defendant Kane.

*W. W. Momyer,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.    The information in this case jointly charged that Will Murphy, Mrs. R. T. Kane, and R. D. (Dudie) Minter did on the 23d day of February, 1915, knowingly and unlawfully have the possession of certain intoxicating liquors, to wit, seventeen pints of beer and three small drinking glasses full of whisky, with the in-

tention then and there on the part of them to sell the same. When the case was called for trial the county attorney dismissed as to the defendant Minter, whereupon each plaintiff in error orally moved the court for a severance of the case against them, and a separate trial thereof, which motions were by the court overruled. The trial proceeded, and they were convicted, and their punishment assessed at a fine of $50 and 30 days' confinement in the county jail. From the judgments rendered on the verdict they appealed.

The first error assigned is that the court erred in refusing to grant a severance. Under our Procedure Criminal:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court." (Section 5878, Rev. Laws 1910.)

In *Steen v. State*, 4 Okla. Cr. 309, 111 Pac. 1097, this court said:

"The exercise of the discretion here given to the trial court in granting or refusing a severance in a misdemeanor case is reviewable; but, to make the same the subject of review, the case-made or bill of exceptions must show an application for a severance setting out some unusual and extraordinary condition or state of facts in connection with the case which would materially prejudice the rights of the applicant in a joint trial, and this must be supported by affidavits or oral testimony, and it may be controverted by the state in the same way. In the absence of such showing on the part of the applicant the trial court cannot know and is not required to anticipate that a situation will arise in the trial justifying a severance. The fact that the trial does subsequently develop such a situation is immaterial; and unless such applica-

tion is filed and thus supported, there is nothing before the court calling for the exercise of the discretion given it."

In the case at bar the record fails to show upon what ground the plaintiffs in error based their demand for a separate trial. It follows that the motions for separate trials were properly overruled.

The only other assignment of error in the case may be considered under that of the insufficiency of the evidence to support the verdict and the judgments. The substance of the testimony of the state's witnesses, J. D. Robbins, R. D. Hughes, and Doyle Jay, deputy sheriffs, was that on the day alleged they went to the second floor of the Alaska Building, in Muskogee, where Mrs. Kane was conducting a rooming house, and in an ice box in one of the rooms found seventeen pint bottles of beer and a tray with three glasses on it, partly filled with whisky; that while they were removing the liquor Mrs. Kane knocked the glasses off the tray; that at the time there were three men in another room across the hallway; that Dudie Minter was there. Witness Robbins testified that shortly after Will Murphy appeared and said he did not want us to arrest the woman this time, and that it was his place. The state also introduced in evidence a certified copy of the records of the United States internal revenue collector for the district of Oklahoma, showing that Mrs. R. T. Kane had paid the special tax required of retail liquor dealers for six months, commencing January 1, 1915, and that her place of business was her rooming house.

As a witness in his own behalf William Murphy testified that he did not own or ever have any interest in

the building or the rooming house; that he called there when the officers were raiding, and had a conversation with the witness Robbins, wherein he offered to make bond for Mrs. Kane, or do anything that would keep the officers from taking her to jail; that he did not say that he owned the place; that he went there in answer to a telephone call from Mrs. Kane; that she was arrested and wanted him to make bond for her. Mrs. R. T. Kane, as a witness in her own behalf, testified that she was the proprietor and sole owner of the Elks' rooms; that the beer in question was placed in her ice box by the men who were sitting in her parlor room and the glasses contained ginger ale; that the men said they were going to order a lunch and drink the beer; that her retail liquor dealer's license was secured because the collector had told her that she would have to have a revenue license to sell near beer or anything like that. Dudie Minter testified that he resides at the Elks' rooms; that Mrs. Kane owned the place, and he knew that the defendant Murphy had no interest in the place.

As to the defendant Murphy, we are of opinion that the evidence is insufficient as a matter of law to sustain the verdict finding him guilty, and for this reason the judgment of conviction is reversed as to Murphy. However, we are unable to see any ground upon which the judgment against the defendant Mrs. Kane should be reversed. Finding no material error in the record, and there being evidence sufficient to sustain the verdict against her, the judgment as to Mrs. R. T. Kane will be affirmed.

ARMSTRONG and MATSON, JJ., concur.