J. W. RALF et al. v. STATE.

No. A-4531.    Opinion Filed Sept. 20, 1924.

(228 Pac. 787.)

Appeal from County Court, Oklahoma County; C. C. Christison, Judge.

J. W. Ralf and others were convicted of maintaining a public nuisance, and they appeal. Affirmed.

Orban C. Patterson, for plaintiffs in error.

The Attorney General, and J. Roy Orr, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from a judgment of the county court of Oklahoma county, in the case wherein the defendants were convicted of the crime of maintaining a pub-

lic nuisance, and the judgment assessed against each as confinement in the county jail for a period of 30 days and to pay a fine of $50.

The appeal was filed in this court on December 26, 1922.

No question is presented as to the sufficiency of the evidence. Counsel relies solely upon two propositions for reversal of this judgment: First, that the trial court erred in refusing to grant a severance to the defendants; second, that the trial court erred in refusing to grant to the defendants an additional peremptory challenge to the jurors after the number of peremptory challenges allowed by law had been exhausted.

To the first assignment of error section 2695, Compiled Statutes 1921, is applicable, and reads as follows:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

The record applicable to this assignment of error is as follows:

"Come now the defendants J. W. Ralf, Jr., Pearl Ralf, and Hopping Ralf, and respectively request this court to grant each of them a severance from the others, and that they be tried separate and alone, and for grounds herein stated: That the interests of each of these defendants will be antagonized in said trial, and that if they are granted a severance, there will be testimony that can be introduced on behalf of one that cannot be introduced on behalf of the other, and that there will be evidence that will be admissible in the prosecution of one that will not be admissible in the prosecution of the others, and that, if these defendants be required to be tried together, they evidently will be convicted, while, if the court in its discretion, will grant them a

severance, they will evidently be found not guilty. Wherefore defendants, and each of them, pray that they be granted a separate trial from each of the others.''

Said application for a severance was not sworn to by any of the defendants, nor was any oral testimony offered in support thereof. In Steen v. State, 4 Okla. Cr. 309, 111 Pac. 1097, in construing the foregoing section, this court held that:

''Where two or more persons are jointly charged with a misdemeanor, the granting or refusal of a severance rests in the discretion of the court. The exercise of such discretion is reviewable; but to be reviewed, the case-made or bill of exceptions must show an application for a severance, setting out sufficient grounds therefor, and supported by affidavits or oral testimony, and the application must be made before the impaneling of the jury is begun.''

The Steen Case has been followed in other cases, and among which are Cruzan et al. v. State, 13 Okla. Cr. 73, 161 Pac. 1179, and Murphy et al. v. State, 13 Okla. Cr. 407, 164 Pac. 1000. It follows from what has heretofore been held in the foregoing cases, the charge here being a misdemeanor, that there was no abuse of discretion on the part of the trial court in refusing to grant a severance to these defendants.

The second assignment of error, more specifically stated, is to the effect that the defendants were compelled to exhaust a peremptory challenge on a prospective juror who said that he was a member of the Ku Klux Klan, and for such reason that they should have been allowed an additional peremptory challenge beyond that allowed by the statute. There is a recital in the case-made to the effect that the defendants had exhausted their peremptory challenges, but the voir dire examination of the jurors is not set out. There is nothing in the record to show that the defendants peremptorily challenged any juror who stated that he was a

member of the Ku Klux Klan, except as is contained in the statement of counsel requesting an additional challenge, and that the court overruled such motion. For what reason does not appear of record.

This is not a case where the defendants were refused the right to ask prospective jurors if they were members of such organization. This alleged assignment of error is based solely upon the request of counsel, dictated to the court, for an additional peremptory challenge for the reason stated, without any proper showing that the defendants exercised a peremptory challenge for that reason, or that they did not obtain a fair and impartial jury possessing statutory qualifications to try the cause.

In the absence of such showing, there is no merit in this assignment. The judgment is affirmed.