## GENE HOPPER v. STATE.

No. A10432. Sept. 12, 1945.

(160 P. 2d 942.)

Embry & Sutton, of Chandler, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Gene Hopper, was jointly charged with one Hosie Logue, in the district court of Lincoln county, with the crime of burglary in the second degree; a severance was granted and defendant Hopper was tried, convicted, and sentenced to serve two years in the State Penitentiary, and has appealed.

On the night of January 26, 1943, a lock on a warehouse belonging to one A. G. Scheibner, in the city of Chandler, was broken, the building was entered and eight cases of Progress beer taken from said building.

For a reversal of this case it is contended: (1) That the court erred in admitting in evidence certain cases or cartons that were found by the sheriff in connection with a search for beer that was stolen from the building. (2) The evidence is insufficient to sustain the verdict.

A. G. Scheibner testified that the defendant and Hosie Logue were in Scheibner's cafe about 8 o'clock on the night in question. That they talked in the cafe for a few minutes and then went out the back door and were

gone about 15 minutes. That at the rear of his cafe was a storeroom where he had beer stored. That the lock on this storeroom was broken during the night and eight cases of Progress beer taken from said room. He then testified that later he saw some empty beer cases in the sheriff's office. He identified the cases as being some of those taken from his warehouse. The identification was made by reason of the fact that the cases had certain numbers on them which corresponded to the serial numbers of the cases which were delivered to him.

On cross-examination, the witness was questioned at length concerning his method of identification of the cases which he saw in the sheriff's office. The witness stated that he had no way of identifying the cases except through the serial numbers. That there was a possibility that the cases were not the ones which were taken from his warehouse, but stated that, in his opinion, based upon the serial letter numbers stamped on the cases, they were the cases which contained the beer which was stolen from his building.

A. D. Tylor testified to hearing a conversation between the defendant and Hosie Logue, wherein the defendant asked Logue, "Did he see that warehouse, out there beside the restaurant", and he said, "Yes, but the damn thing has a lock on it." "Well," he said, "All it takes is a skeleton key and I have got that."

The witness further testified that on Wednesday, January 27th, he saw the defendant Logue at his home. That they were traveling in a model A Ford automobile with a built-in bed. That they had seven cases of Progress beer in the back of the automobile and one in the front. That the beer was in pasteboard crates. That the defendant tried to trade him some of the beer for a

jacket which the defendant had pawned to him two days before that time.

Charles Meier operated a general store in Wilzetta. He testified he saw the defendant with Hosie Logue in his store on Wednesday, January 27th. That he saw four or five beer cases in the back end of their car. That Logue, in the defendant's presence, tried to sell him a case of Progress beer. Logue said that he had gotten drunk the night before and bought the beer while he was drunk and now had more beer than he wanted.

Ed Bierman testified that he was at Mcier's store on January 27th, when defendant and Logue were there and tried to sell some beer. That they tried to sell the beer to him for $3 a case. That the defendant gave him a bottle of Progress beer and he drank it there at that time.

Elmer Bayes testified that he was a farmer south of Sparks. That he saw the defendant and Logue a little over a half a mile south of Sparks on the road, and during a conversation with him at that time, the defendant gave him a bottle of beer. That he saw four full cases of Progress beer in Hosie Logue's car. That the defendant said they had bought the beer.

Hugh Griffin testified that he saw the defendant and Hosie Logue south of Sparks on January 27th. The witness had stopped his car on the road and the defendant and Logue came along in a model A Ford car and stopped where the witness was working on his automobile. That they put four cases of Progress beer in the back end of the car belonging to the witness. That the sheriff four days later came down and got those cases from him.

Andrew Orr, sheriff of Lincoln county, testified that on January 31st he went to the home of Hugh Griffin

and found three cases of empty Progress beer bottles. That he brought them back to Chandler and that they were the identical cases which were viewed by Mr. Scheibner and identified as state's exhibits 1, 2, and 3.

On behalf of the defendant it was contended that the beer which defendant and Hosie Logue had in their possession on January 27th had been purchased by Hosie Logue and was not the beer which was stolen from Scheibner.

The defendant testified in his own behalf and admitted two former convictions for felonies.

We find no error in the action of the court in admitting the three empty beer cases in evidence. The witness Scheibner testified that in his opinion the cases were the ones which were stolen from his warehouse. He attempted to identify them by certain letters stamped on the cases.

On cross-examination, counsel for defendant weakened the testimony of the witness some by the evidence which he brought out as to witness' method of identification. This affected the weight of the evidence and not its admissibility. The witness still maintained that the cases which he examined in the sheriff's office and which were identified as exhibits 1, 2 and 3 were the cases which were stolen from him. The court correctly admitted the cases for the inspection for the jury and the jury in turn had a right to consider all of the testimony of the witnesses in determining whether the cases which the witness Scheibner identified were actually the cases stolen from Scheibner's cafe.

It is unnecessary to prolong this opinion by a lengthy discussion of the evidence inculpating the defendant. An

examination of the summary of the evidence herein above set forth discloses that the state made a strong circumstantial showing of guilt. The explanation of the defendant and his attack on the truth and veracity of the witness Tyler were questions for the determination of the jury under proper instructions. The circumstances shown by the evidence of the state pointed overwhelmingly to the guilt of the defendant. Under the state's proof, the defendant had the possession of the stolen property the following day after the burglary was committed.

In Chester v. State, 63 Okla. Cr. 84, 73 P. 2d 191, it is held:

"The presumption arising from the possession of recently stolen property is one of fact and not of law. Such presumption is merely an evidential fact tending to establish guilt which should be submitted to the jury to be considered in connection with all the other facts and circumstances disclosed by the evidence."

In the body of the opinion this court quoted from the case of Shields v. State, 32 Okla. Cr. 344, 240 P. 661, in which it is stated:

"The presumption arising from the possession of recently stolen property is one of fact and not of law. It is a circumstance for the jury to consider and weigh along with all the other evidence in the case. If the possession is unexplained, or the explanation, even though plausible, is not believed, the jury will accord it such weight as they deem right and proper. They are the sole judge as to its weight, and when such fact with the other facts and circumstances in evidence, when given due weight, satisfy the jury beyond a reasonable doubt of defendant's guilt, it is sufficient to sustain the verdict. Slater v. United States, 1 Okla. Cr. 275, 98 P. 110; Davis v. State, 7 Okla. Cr. 322, 123 P. 560; Gunter v. State, 16 Okla. Cr. 476, 184 P. 797; Cheeves v. State, 18 Okla. Cr. 480,

196 P. 726; Spann v. State, 19 Okla. Cr. 9, 197 P. 531; West v. State, 19 Okla. Cr. 355, 198 P. 99."

The instructions of the court correctly state the law, and it is our opinion that the defendant has had a fair and impartial trial. The judgment of the district court of Lincoln county is accordingly affirmed.

BAREFOOT, P. J., concurs, DOYLE, J., not participating.