## ROBERT LOWELL ROGERS v. STATE.

No. A-10779.    Oct. 15, 1947.

(185 P. 2d 927.)

James P. Devine and Alfred B. Knight, both of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Robert Lowell Rogers, was charged by information filed in the district court of Tulsa county with the crime of burglary in the second degree, it being charged that on August 19, 1945, he did break and enter the Seidenbach's retail department store in Tulsa and steal therefrom $4,443.30 in money, $2,995.13 in checks and $11,643.07 in jewelry. The trial before a jury resulted in a verdict of guilty and judgment was pronounced pursuant to the verdict of the jury sentencing the defendant to serve the maximum term of seven years in the State Penitentiary.

The chief contention presented by the defendant on appeal is that the evidence of the state being wholly cir-

cumstantial is not sufficient to sustain the verdict of guilty.

The proof of the state showed that on Saturday night, August 18, 1945, Seidenbach's retail department store was entered through a window located near a fire escape. Two of three safes in the cashier's office were opened and the currency and checks which had accumulated from the Saturday's business were taken. The proof showed that the greatest portion of the currency that was taken was in five, ten and twenty dollar bills, but there were more one dollar bills than any other. Also taken during the burglary was $11,643.07 worth of jewelry.

Mrs. H. L. Ziegler testified that she was the manager of the El Patio Hotel in Tulsa. That on Sunday morning, August 19, 1945, while she was at her hotel looking out of the window, she saw a greenish blue taxicab drive up in the alley behind her hotel and directly in front of her. That there was a sign on the car "Yellow Taxi Cab." That she saw a man who was driving the cab get out of the car, put on some gloves, remove a card board container with some more card board in it from the taxicab, crush the card board in his hands and walk over to a trash can directly under the window where she was standing and place the card board boxes in the trash can. She positively identified the defendant as being the person who performed this act. Her curiosity was aroused when he put on gloves before removing the boxes, and after he had left, she went out to the trash container to see what he had placed therein, and found two card board shoe boxes. That about the middle of the morning she notified the police about the occurrence and turned the card board boxes over to them. She then identified state's exhibit number one as being the card board container with some

more card board in it that the defendant had placed in the trash can on that morning.

The taxi inspector for the city of Tulsa testified that on August 19, 1945, the defendant owned and operated a Yellow Cab taxi. That the car was a "Plymouth car, kind of a bluish green; that it had a sign on it, 'Yellow Cab Company.' "

Certain officers testified that a few days after the burglary, acting on a tip they had received, they went to the law offices of L. A. Justus in Tulsa. That when they entered the law office the defendant Rogers and the attorney were in the private office of Justus together, and that $1,200 in bills were lying on top of the desk. That some of the officers remained at the law office while others went back for a search warrant. That after the officers returned with the search warrant, a further search of the law office was made and $2,200 additional were found in the desk drawer of Mr. Justus. The money which was found included 52 twenty dollar bills, 95 ten dollar bills, 178 five dollar bills, 456 one dollar bills, and one one hundred dollar bill.

E. E. Benson, county investigator, testified that he heard the defendant say that he had brought the money to the law office of Mr. Justus.

W. F. Anderson testified that he was the manager of the shoe department of Seidenbach's store. That his shoe department handled Andrew Gellers shoes and that no one else in the city of Tulsa sold these shoes. The witness identified the card board boxes, "State's Exhibit number one," as having been taken from Seidenbach's store the night of the burglary. This witness testified that it was a common practice at the close of business each

day to check the shoe boxes and the stock numbers against the sales tickets and that all shoes are boxed before the employees leave. That the shoe department is located directly behind the jewelry department. That on the morning after the burglary he found two pairs of unboxed shoes and that the two boxes which were found (State's Exhibit number one) corresponded with the two pair of unboxed shoes which were found in his department on August 19, 1945.

No evidence was offered on behalf of the accused. In Hart v. State, 57 Okla. Cr. 372, 48 P. 2d 337, 338, this court stated:

"Where the charge is burglary, if property taken from the owner is soon thereafter found in possession of the person charged with the burglarious entry, proof of this fact, together with circumstances showing guilty conduct, is presumptive evidence, not only of the larceny, but also that he made use of the means by which the property was taken from the owner.

"Burglary is one degree removed from larceny; but when the facts in evidence warrant the finding of the larceny, and the surrounding circumstances are such as to show that the larceny could not have been committed without the burglarious entry, the evidence is sufficient to warrant the finding of the burglary also.

"In order to establish defendant's guilt, it was not necessary that any of the witnesses should have seen him or his codefendants in the vicinity of the warehouse about the time the burglary was committed. It rarely happens that perpetrators of an offense, committed in the manner here proven, can be shown by witnesses who saw and recognized the defendants in the act, and resort must therefore ordinarily be had to circumstantial evidence."

In the case of Hopper v. State, 81 Okla. Cr. 158, 160 P. 2d 942, the following rules of law were laid down by this court:

"Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than to its admissibility.

"Beer cases in possession of accused the day following burglary were sufficiently identified to justify the admission of such cases in evidence for the determination by the jury as to whether they were the cases which were taken in burglary.

"Where a conviction rests upon circumstantial evidence and circumstances are proved from which a reasonable and logical inference of guilt clearly arises and which exclude any reasonable hypothesis except the guilt of the accused, although the evidence is conflicting, Criminal Court of Appeals will not disturb the verdict for insufficiency of the evidence.

"The presumption arising from the possession of recently stolen property is one of fact, and not of law. Such presumption is merely an evidential fact tending to establish guilt which should be submitted to the jury to be considered in connection with all the other facts and circumstances disclosed by the evidence."

The empty shoe boxes taken from the department store at the time of the burglary were evidently used to transport the currency and jewelry which were stolen. The defendant's possession of these articles taken in the burglary the following morning after the burglary is shown. Although the money found in the office of the attorney had no marks upon it by which it could be identified by any of the employees of Seidenbach's, there was a similarity in the amount and the denominations of the bills which were found in the office with the currency

which was taken in the burglary. The circumstantial evidence is strong that this money was a part of the loot taken from the store. There was no denial by the defendant of the statement attributed to him that he had taken this money to the law office.

It was stated in Robinson v. State, 67 Okla. Cr. 8, 92 P. 2d 1082:

"Where an accused person is found in possession of property taken from a place recently burglarized, that fact may be considered by the jury along with all the other circumstances tending to show that the one in possession committed the burglary."

We have closely examined the record and have found no errors of sufficient importance to justify a reversal of the judgment of conviction.

The judgment and sentence of the district court of Tulsa county is accordingly affirmed.

BAREFOOT, P. J., and BRETT, J., concur.