Robert GOUARD, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12659.

Criminal Court of Appeals of Oklahoma.

Feb. 18, 1959.

Rehearing Denied April 1, 1959.

Robert Gouard, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Robert Gouard, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the crime of burglary in the second degree, after former conviction of a felony, conjointly with two others, one Clayton Carl Tidwell and one Jose Rodriquez. He was granted a severance, tried to a jury, convicted as charged in the information,

and his punishment fixed at thirty years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

This appeal is brought by the defendant without the benefit of counsel, he being presently confined in the state penitentiary. It is the policy of this Court to closely scrutinize the record in such instance for errors and irregularities.

The state's evidence disclosed that on the morning of the 8th of January, 1958, the Friendly Tavern, 5319 East Admiral Place, Tulsa, Oklahoma, was burglarized. The bar maid, Beulah Bornhouser, and the proprietor, E. W. Rogers, testifed that on their arrival the morning of the 8th of January, 1958, they discovered the padlock from the front door lying on the bar, broken. They testified the articles taken in the burglary were several pair of men's stretch hose, some billfolds, earrings on a display "tree", and cigarette lighters. All these items were kept on the back bar for sale to customers. Also missing were some cigars, beer, the proprietor's flashlight, and between $150 and $200 in cash. It was further established that the coin operated record player, cigarette machine, and shuffle board had been broken into, cigarettes taken from the cigarette machine, and money taken from all the machines. This evidence is uncontroverted by the defendant and clearly establishes the corpus delicti of the offense, the breaking and entering of the tavern and the taking of the above set forth articles.

These witnesses were shown, over objection, for purpose of identification, several articles which were later revealed to have been taken from the automobile in which the defendant was riding when arrested and from his person. These articles were several pair of men's stretch hose, four billfolds, numerous pair of earrings on a display "tree", cigarette lighters, and a flashlight. Neither of the witnesses could positively identify these articles as being the identical articles taken in the burglary, but testified they appeared to be the same or were at least similar, with one exception. Witness Rogers testified the flashlight was

one he had kept in the bar for almost a year, although the effect of his testimony was weakened on cross examination by his method of identification. He also testified one of the lighters handed him was definitely not one of the lighters taken in the burglary.

Officer Ad Payne of the Tulsa Police Department testified his attention was drawn to an automobile early in the morning of January 8, 1958, as it ran a red light at the intersection of Admiral Place and Peoria in Tulsa. He pursued the automobile some two and one-half blocks until it stopped off an alley between two buildings. In the car were the defendant and his two co-defendants. Inside the automobile were found the above set forth articles, and in addition thereto a large quantity of cigars, cigarettes with coins inside the wrappers, and a certain tire tool and screw driver. Officer Paul East testified he searched the defendant at the scene of the arrest and found on his person several packages of cigarettes, a new billfold which was empty, some earrings, and a large quantity of silver coins. Detective Lt. Harry L. Stege testified the screw driver taken from the automobile appeared to match certain markings made on the record player in the tavern. Detective Billy Harper testified tool marks on the back door of the tavern appeared to have been made by the tire tool removed from the automobile.

The only evidence offered by the defendant was his own testimony. He explained that he and his companions were having a party and had gone to get some whiskey and were returning when they ran the red light. He testified he was not searched until he was taken to the police station; he denied committing the burglary in question; denied having in his possession any of the articles introduced which the officers testified were taken from the automobile and his person; and stated to the best of his knowledge, none of the articles were in the automobile. He admitted the prior convictions charged in the information.

■ From our examination of the case-made, we conclude the only question worthy of discussion is the admissibility of the exhibits in evidence against the defendant, objection to which was properly taken.

The rule is generally stated:

"Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than its admissibility."

Peoples v. State, Okl.Cr., 270 P.2d 380. See also Sears v. State, 79 Okl.Cr. 437, 156 P.2d 145; Hopper v. State, 81 Okl.Cr. 158, 160 P.2d 942. The question before us is under this rule, were the exhibits sufficiently connected with the crime itself by proper identification to warrant their introduction in evidence?

A careful examination of the evidence offered reveals these factors. The articles alleged to have been stolen and the articles found in the automobile coincide with those seized in that men's stretch hose, billfolds, earrings with a display "tree", cigars, coin-wrapped cigarettes, cigarette lighters, beer, coins from the vending machines, and a flashlight were taken in the burglary. Not more than six hours thereafter, men's stretch hose, billfolds, earrings and a display "tree", cigars, coin-wrapped cigarettes, cigarette lighters, beer, a large quantity of silver coins, and what was identified as the same flashlight were found in the defendant's possession. Also, a screw driver and a tire tool were found in the automobile which, in the opinion of the officers, made the marks found on the record player and the back door of the tavern.

■ We hold such identification as tending to connect the defendant with the commission of the crime charged sufficient to warrant their introduction into evidence and the question of the weight or credibility to be accorded them to be one for the jury. Peoples v. State, supra.

The jury having determined the issues adversely to the defendant, and no reversible error being found in the record, the judgment and sentence must be and is accordingly affirmed.

POWELL, P. J., and NIX, J., concur.