Houston Donald **HARRELL**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A-13311.

Court of Criminal Appeals of Oklahoma.

March 6, 1963.

Rehearing Denied May 8, 1963.

Paul R. Haunstein, Enid, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Houston Donald Harrell, defendant herein, was charged by information in the District Court of Major County with the Crime of Burglary in the Second Degree, tried by jury, who found him guilty, and sentenced by the court to Four Years in the State Penitentiary at McAlester, Oklahoma. From said judgment and sentence, he appeals.

Evidence adduced at the trial reflects that on the 25th day of February, 1962, the defendant, accompanied by two accomplices, Lewis and Clyde Adams, left his home in Stillwater in defendant's car and drove to the vicinity of Fairview, Oklahoma, where the defendant entered the home of one A. A. Shaffer, while Shaffer was absent from the premises. The accomplices testified that the defendant entered the Shaffer home by unbolting a closed door and emerged from the house carrying certain items, including an electric drill; an electric skill saw and a large tool chest containing various and in sundry tools (Introduced at the trial and identified as State's Exhibits A, B, and C). That they then drove back to Stillwater and on the following day, Monday, February 26, 1962, the accomplices and the de-

:fendant drove to Guthrie, Oklahoma, where an attempt was made to sell the tools by defendant and Lewis Adams at Koch's Second Hand Store. That before the sale could be consummated, Dale Orndorff, Guthrie Police Officer entered the store and questioned the defendant as to the ownership of the aforementioned tools. Defendant first denied trying to sell the tools and then admitted he was so doing, but identified the tools as belonging to his (the defendant's) father.

It is the defendant's principal contention that his possession of state's exhibits A, B, and C, a short time after the commission of the burglary for which he stands convicted was not sufficient in law to corroborate the testimony of his accomplices, and if guilty of any public offense, the proper charge would be that of receiving stolen property.

In support of this contention, the defendant relies upon Harrell v. State, Okl. Cr., 379 P.2d 706, wherein this Court construing Title 22 O.S.1961 § 742 stated in Syllabus Three:

"A conviction cannot be had, upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The defendant further relies on Maines v. State, 97 Okl.Cr. 386, 264 P.2d 361.

While we are in accord with the holdings in the cases above cited, we are of the opinion that the instant case may be easily distinguished from both the Harrell and Maines decisions, supra. In the Harrell Case, the only evidence tending to corroborate the testimony of the accomplices was the possession by the accused of recently stolen property which was procured from the defendant in an illegal search and seizure of his automobile. The evidence so obtained was erroneously admitted in evidence, and for that reason the case was reversed and remanded. In the Maines

Case, the question before the court was whether the mere possession of recently stolen goods was sufficient upon which to affirm a conviction for the Crime of Burglary.

However, in the instant case, the conviction was not based solely upon the uncorroborated testimony of accomplices; nor, upon the unexplained possession of recently stolen property, but, to the contrary was based upon the combined probative effect of both to support the conviction of the accused. Under these circumstances, we are of the opinion that the well recognized principle of law decisive of this issue is clearly set forth in Wharton's Criminal Evidence, Vol. II, Page 256, wherein it is stated:

"In prosecutions for larceny, robbery, and burglary, an accomplice may be corroborated by proof of the possession of the stolen property by the defendant charged with the crime."

Applying this rule to the facts in the instant case, we are of the opinion that the possession of the exhibits, above referred to amply corroborated the testimony of the accomplices, and is sufficient to support the defendant's conviction for Burglary in the Second Degree.

As his next assignment of error, the defendant contends that the trial court committed reversible error in instructing the jury that:

" * * * the unexplained possession of recently stolen property found in the possession of one alleged to have stolen the same is a circumstance, which, if unsatisfactorily explained to the jury, may be considered in determining the guilt or innocence of the person charged with the theft thereof." (Instruction #5)

We observe that no objection to this instruction was interposed by the defendant nor did he offer a requested instruction in lieu thereof.

While the instruction, above set forth, by no means is a model to be followed in the

future, and a more·complete instruction in conformity with the·language used in Rogers v. State, 85 Okl.Cr. 116, 185 P.2d 927 would more fully advise the jury of the law applicable in such cases. We are of the opinion that the instruction as given was not so fundamentally defective or prejudicial to the accused as to require a reversal. In Dixon v. State, 89 Okl.Cr. 205, 206 P.2d 231, we stated:

"Error alone is insufficient to justify reversal of conviction but there must be error plus injury and burden is upon the defendant to establish that he was prejudiced in his substantial rights by the error."

And, indeed our Title 22 O.S.A. § 1068, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this State in any case, civil or criminal, on the grounds of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In construing the statute above referred to, this court has uniformly held that:

Errors assigned upon instructions given will not be considered on appeal, where record fails to show any objections were made or exceptions taken to the instructions when given. See Cruzan v. State, 13 Okl.Cr. 71, 161 P. 1179.

Upon examination of the instructions as a whole, and under the authorities above cited, we are of the opinion that this Assignment of Error is without merit.

 Defendant lastly contends that the punishment inflicted was excessive. In this connection, we have consistently held:

"The Criminal Court of Appeals will not modify a sentence alleged to be

excessive unless it is convinced from an examination of the entire record that the verdict and sentence based thereon was manifestly excessive and apparently given under passion and prejudice." Driskell v. State, Okl.Cr., 293 P.2d 638.

The Crime of Burglary in the Second Degree is punishable by imprisonment in the State Penitentiary for a term of not less than two years or more than seven years. We are of the opinion under the facts in the instant case that the sentence pronounced is well within the punishment provided by law and is not excessive.

From the rules above set forth and from the record before us, we are of the opinion the judgment and sentence appealed from should be and the same is hereby, Affirmed.

Affirmed.

NIX, J., concurs.

JOHNSON, J., not participating.