432 P.2d 638

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Kent M. KIRKMAN, Defendant and Appellant.**

No. 10783.

Supreme Court of Utah.

Oct. 18. 1967.

Jimi Mitsunaga, Richard S. Shepherd, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

The defendant was convicted of burglary in the second degree and was sentenced to the State Prison for the statutory term therefor. He appeals and assigns two errors on the part of the trial court, as follows:

First, he says the evidence before the court was insufficient to support a conviction of burglary in the second degree.

Second, he claims the court failed to instruct the jury on essential elements of the crime of burglary in the second degree, including recent possession of stolen property.

As to the latter claim, it is to be noted that the defendant requested no instruction regarding possession of recently stolen property.

Possession of recently stolen property is nothing more than a circumstantial bit of evidence in a case of burglary, and by not asking for an instruction in relation

**46**

to such evidence, the defendant waived the error if any there was.

Our statute, Section 76–38–1, U.C.A.1953, is as follows:

Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt.

This statute has nothing to do with burglary and applies only to charges of stealing. However, one who has possession of recently stolen property would be faced with the situation of having adverse inferences drawn against him, and such inferences together with all the other evidence might be enough to convince a jury beyond a reasonable doubt that the defendant was guilty of larceny even in the absence of the statute above quoted.

The same adverse inference will confront a defendant in a burglary case where he has possession of recently stolen property which could have been obtained only by a burglarious entry into a building. There would be a duty upon the one in possession of such property to explain his possession if he is to remove that adverse inference against him pointing toward his guilt; and if he gives a false account of how he acquired that possession, or having a reasonable opportunity to show that his possession was honestly acquired he refuses or fails to do so, such conduct is a circumstance which may be considered by the jury along with all other evidence bearing upon the case in determining guilt or innocence.

This court has heretofore had occasion to deal with this problem. In the case of State v. Thomas, 121 Utah 639, 244 P.2d 653, it was said:

We recognize the correctness of the defendant's assertion that mere possession of recently stolen property, if not coupled with other inculpatory or incriminating circumstances, would not justify submission of the case to the jury and would not be sufficient to support a conviction. State v. Kinsey, 77 Utah 348, 295 P. 247, and cases therein cited; State v. Nichols, 106 Utah 104, 145 P.2d 802. Conversely, however, possession of articles recently stolen, when coupled with circumstances inconsistent with innocence, such as hiding or concealing them, or of making a false or improbable or unsatisfactory explanation of the possession, may be sufficient to connect the possessor with the offense of burglary and justify his conviction of it.

Our sister states have held to the same effect in the following cases: People v. Conerly, 172 Cal.App.2d 682, 342 P.2d 305; State v. Deeds, 126 Mont. 38, 243 P.2d 314; Rogers v. State, 85 Okl.Cr. 116, 185 P.2d 927.

The facts of this case as presented to the jury were as follows: Defendant and his brother-in-law were in a pickup truck belonging to the brother-in-law. About eleven p. m. they were seen to turn around in front of a building in which truck No. 3 of Bountiful Waterworks, together with other equipment, was housed. The defendant and companion turned the lights off of their pickup truck and drove back and forth in front of the building several times. Finally they drove over the curb of the street and parked near to the building. They were seen apparently trying to pry open the gate to a fence connected to one corner of the building. There was a period of seven or eight minutes during which time no one saw what they did. A window in the building right next to the truck was open when the police arrived about eleven ten p. m., which window was supposed to be kept closed. A fourteen-inch pipe wrench which was a part of the equipment regularly kept in truck No. 3 inside of the building was found by the officers on or under the seat of the pickup truck. No explanation of how the wrench came to be in the pickup truck was made by the defendant or his companion. Both defendant and his companion had been out of the truck while it was parked beside the building. Pry marks on the lock to the gate matched those on a crowbar found in the pickup truck. There was also a pair of bolt cutters in the pickup truck. A large spool of insulated heavy electrical copper wire was inside of the fence, and the evidence on the moist ground showed that it had recently been dragged from a place near the building toward the fence.

The evidence is all circumstantial, but it would seem that the jury could have found that the defendant and his companion were intending to steal the copper wire and that one or both of them entered the building through the open window, moved the spool of electrical wire, took the pipe wrench from truck No. 3, and were apprehended by the police before they had been able to open the gate and get possession of the wire.

The defendant, in argument, also complains because the court did not set out in detail the elements of the crime of burglary. No requested instructions were tendered to the court, and we are of the opinion that the instructions actually given were sufficient to advise the jury of what had to be proved before a conviction could be had. The evidence when considered altogether is sufficient to sustain the verdict of guilty as found by the jury; and there being no reversible error in the instructions given by the court, the judgment and sentence of the district court is hereby affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.