The STATE of Utah, Plaintiff and Respondent,

v.

Leo James SUIT and Clark Hastings, Defendants and Appellants.

No. 13833.

Supreme Court of Utah.

Sept. 18, 1975.

Leo James Suit and Clark Hastings, pro se.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendants Leo James Suit and Willard Clark Hastings and one Daniel Richard Wilbur were charged with the crime of burglary in Washington County, Utah. During the course of the proceedings Daniel Richard Wilbur was granted immunity and he testified for the State. The defendants were found guilty and sentenced to a term in the Utah State Prison, and from the convictions and sentences they appeal to this court.

On January 17, 1974, at about 1:00 o'clock A.M., the defendants and Wilbur broke into a hardware and furniture store in Hurricane, Utah. The three men removed a number of firearms from the store. The three proceeded to the home of Clifford Foster in Washington, Utah, and one of the guns was left with Mr. Foster, and he in turn gave them $20. Suit and Wilbur then proceeded to the home of the defendant Suit's brother in Las Vegas, Nevada, and the rest of the guns were left at that residence in his care.

The State's case was built upon the testimony of Wilbur, who was an accomplice. The court fully instructed the jury as to how they should view the testimony of an accomplice and also instructed the jury that before a verdict of guilty could be returned, the testimony of the accomplice must be corroborated by other credible evidence which without the aid of the testimony of the accomplice tended to connect the defendants with the crime charged.

It is the main thrust of the defendants' contentions in this court that there was insufficient evidence to corroborate the testimony of the accomplice, and their conviction should be reversed. The record discloses that there was evidence of the pos-

session by the defendants of one of the guns a short time after the breaking and entering.[1] There was also evidence that the stolen guns were left at the home of Suit's brother as testified to by the accomplice. We conclude that the factors and other evidence of record sufficiently corroborated the testimony of the accomplice in the finding of the jury as to the guilt of the defendants.

We have examined the other assignments of error submitted by the defendants and we find no merit in those contentions.

The verdict and judgment of the court below are affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.

---

1. *State v. Kirkman*, 20 Utah 2d 44, 432 P.2d 638; *State v. Christian*, Utah, 533 P.2d 872.