**The STATE of Utah, Plaintiff and Respondent,**

v.

**Gordon P. GRAVES, Defendant and Appellant.**

**No. 19090.**

Supreme Court of Utah.

April 11, 1986.

Frances M. Palacios, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., David B. Thompson, Asst. Atty. Gen., Ted Cannon, Salt Lake Co. Atty., Roger S. Blaylock, Asst. Salt Lake Co. Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of possession of a stolen vehicle in violation of U.C.A., 1953, § 41–1–112.

The sole point raised on appeal is insufficiency of the evidence to prove that defendant knew or had reason to believe the property was stolen. He admitted that the vehicle he possessed and was driving when arrested was stolen. His defense is that the prosecution did not prove that he knew it was stolen.

██ Defendant did not offer any explanation to the arresting officer or at the trial that he did not know this important fact. Such failure to explain his possession raises an inference that he knew the property was stolen. U.C.A., 1953, § 76–6–402(1) articulates this general principle:

> Possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

Although no such specific provision is contained in section 41–1–112, the general use of this principle in the criminal law is well established. It does not offend the federal constitution. *See Barnes v. United States,*

718

412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). In *Barnes,* the Court explained that this inference is deeply rooted in common law and approved the following instruction:

[P]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

412 U.S. at 839–40, 93 S.Ct. at 2360. The Court held, "For centuries courts have instructed juries that an inference of guilty knowledge may be drawn from the fact of unexplained possession of stolen goods." *Id.* at 843, 93 S.Ct. at 2362.

We have accepted approvingly the inference as a factor in proving guilt in such cases as *State v. Sessions,* Utah, 583 P.2d 44 (1978), *State v. Kirkman,* 20 Utah 2d 44, 432 P.2d 638 (1967), and *State v. Merritt,* 67 Utah 325, 247 P. 497 (1926). Cases under the federal Dyer Act, 18 U.S.C. §§ 2311–2313, are in agreement, as reflected in 15 A.L.R. Fed. 856, 859, which generalizes:

[U]nexplained possession is deemed "guilty possession" ... and this may serve to permit an inference that the possessor, whether or not he is shown to have been the thief, knew that the vehicle was stolen....

The judgment and sentence are affirmed.

STEWART, J., concurs in the result.