**STATE of Utah, Plaintiff and Appellee,**

v.

**Dwayne Marvin CARLSON, Defendant and Appellant.**

**No. 960135–CA.**

Court of Appeals of Utah.

March 6, 1997.

Rebecca Hyde and Linda M. Jones, Salt Lake City, for Plaintiff and Appellant.

Jan Graham and Kris C. Leonard, Salt Lake City, for Defendant and Appellee.

Before DAVIS, BENCH and BILLINGS, JJ.

BILLINGS, Judge:

Defendant Dwayne Marvin Carlson appeals his conviction for receiving a stolen vehicle, a second-degree felony, in violation of Utah Code Ann. § 41–1a–1316 (1993). He claims the trial court erred in submitting an instruction to the jury, and that the prosecutor made improper remarks during closing argument. We affirm.

## FACTS

On July 22, 1995, Officer John Sheets saw a brown 1981 Mazda pickup truck driving southbound on Main Street in Salt Lake City. Because the truck was missing its front license plate, the officer decided to stop the truck. As he was turning around, the truck accelerated, cut through traffic, and turned onto a side street. The officer temporarily lost sight of the truck, but eventually found it parked in a nearby parking lot with defendant behind the wheel. The officer pulled up behind the truck, approached defendant, told him that he was missing a license plate, and asked for his driver's license and registration. Defendant had neither.

Because defendant had no identification with him, the officer asked for his name, date of birth, and social security number. Defendant responded that his name was "Steven Carlson," and gave both a date of birth and social security number. While the officer was writing down this information, defendant suddenly blurted out: "This vehicle is not stolen." The officer testified that he was surprised by this outburst because he had never suspected the vehicle was stolen.

The officer called in defendant's information and also asked for assistance, presumably because of defendant's strange behavior. Another officer soon arrived and both officers learned from dispatch that the social security number defendant gave them did not match that of Steven Carlson. The officers then arrested defendant for providing them with a false identity.

The officers then had dispatch check the license plate number of the truck. The officers discovered the plate number was registered to a Buick, not a Mazda pickup truck. When the officers checked the vehicle identification number, they discovered that the Mazda had been reported stolen from a Salt Lake City used car lot two days earlier. The officers proceeded to read defendant his *Miranda* rights. He waived his rights and told the police that he had "just picked up the vehicle from a friend" named Steve Johnson.

While one officer took defendant to jail, the other officer stayed with the car until the owner, Steve Clark, arrived to recover it. The owner testified that the truck was missing a camper shell and that an "after market ignition" had been installed in the dashboard, which fit the key defendant surrendered to the officers. The owner testified that such an ignition permits a car to be started without using the original ignition.

At trial defendant changed the story that he had originally told the police. He testified that he got the truck from a woman named Laura who had dated his friend, Steve Johnson, several years earlier. He claimed that he saw her trying to push-start the truck late at night and stopped to help her. When he was unable to get the truck started, he testified that he told her that she could use his car to run errands while he slept at a friend's house. When he woke up, his friend told him that "Laura" had not returned with his car. Defendant then stated that he tried to locate "Laura" for a couple of days, and when he could not find her, he returned to where the truck was, hoping that she had fixed the truck and left his car behind. The truck was still there so defendant claimed he fixed it and then used it to try to locate his car. He also firmly stated there was only one ignition in the truck, i.e., there was no by-pass ignition in the truck while it was in his possession.

After a one-day trial, the jury convicted defendant of receiving a stolen vehicle, and he was sentenced to one-to-fifteen years in the Utah State Prison and a $10,000 fine.

The trial court stayed his sentence and imposed thirty-six months probation, including twelve months in jail. Defendant now appeals, claiming an instruction the trial court gave to the jury was improper and that the prosecutor made improper remarks during closing argument.

## ANALYSIS

■ Defendant claims the trial court submitted an instruction to the jury that created a presumption of guilt and improperly shifted the burden of proof concerning an element of the crime to defendant. As "the propriety of a jury instruction presents a question of law," we review such instructions for correctness, affording no deference to the trial court. *State v. Brooks*, 833 P.2d 362, 363–64 (Utah.Ct.App.1992).

The instruction at issue in this case reads as follows [1]:

Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in light of the surrounding circumstances shown by the evidence in the case, that the person in possession of the stolen property stole the property and knew that the property was stolen.

Thus, if you find from the evidence and beyond a reasonable doubt (1) that the defendant was in possession of property, (2) that the property was stolen, (3) that such possession was not too remote in point of time from the theft, and (4) that no satisfactory explanation of such possession has been given or appears from the evidence, then you may infer from those facts and find that the defendant stole the property and knew the property was stolen.

■ Defendant first claims the instruction unconstitutionally shifted the burden of proof concerning his state of mind from the State to him. We disagree. Recently, in *State v. Perez*, 924 P.2d 1 (Utah.Ct.App.1996) (analyzing instruction given in theft-by-receiving

---

1. This instruction is based in part on Utah Code Ann. § 76–6–402(1) (1995), which provides: "Possession of property, recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property."

case), this court approved a nearly identical instruction.[2] *Id.* at 5. Relying on *State v. Smith,* 726 P.2d 1232 (Utah 1986), and *State v. Chambers,* 709 P.2d 321 (Utah 1985), this court determined that because the instruction did not use the confusing "prima facie" term that was disapproved of in *Chambers,* and because it emphasized to the jury that it "*may* reasonably draw the inference" of guilty knowledge only if it found certain facts beyond a reasonable doubt, but was not required to, the "instruction did not improperly shift the burden of proof to defendant." *Perez,* 924 P.2d at 4–5 (emphasis added); *see also Barnes v. United States,* 412 U.S. 837, 843–44, 93 S.Ct. 2357, 2362, 37 L.Ed.2d 380 (1973) (concluding instruction matching first paragraph of challenged instruction in this case was constitutional); *State v. Johnson,* 745 P.2d 452, 456 (Utah 1987) (concluding instruction stating "possession of property recently stolen, when a person fails to make a satisfactory explanation of such possession, is a fact from which you may infer that the person in possession stole such property" was not defective); *Smith,* 726 P.2d at 1234 (stating statute on which instruction is based, "properly construed, does not establish an evidentiary presumption, let alone a presumption of guilt"); *Chambers,* 709 P.2d at 326 (same); *cf. State v. Graves,* 717 P.2d 717, 717–18 (Utah 1986) (per curiam) (concluding "general use of principal [found in Utah Code Ann. § 76–6–201(1) ] in criminal law is well established" and does not offend the federal constitution). As the instruction in this case does not differ from that in *Perez* in any material way, we conclude that the instruction is constitutional and does "not improperly shift the burden of proof to defendant." *Perez,* 924 P.2d at 5.[3]

Next, defendant argues Utah Code Ann. § 76–1–503 (1995) requires that a statutory presumption may be submitted to a jury only if the presumption is found in the code or other penal statute. Defendant claims that because the presumption in Utah Code Ann. § 76–6–402(1) (1995) is only meant to apply when a defendant is charged with burglary, robbery, or larceny, the presumption could not be used in this case, where defendant was charged with possession of a stolen vehicle.

▮ Again defendant is incorrect. First, Utah Code Ann. § 76–1–503 (1995) does nothing but describe the consequences of any "presumption established by this code or other penal statute." The statute does not create a rule of what presumptions of fact may be used; rather, the statute merely describes the procedure that must occur when a presumption is used. That procedure was used in this case. Furthermore, in *Graves,* the Utah Supreme Court upheld an individual's conviction for possession of a stolen vehicle, the same charge under which the defendant in this case was convicted, against a sufficiency of the evidence challenge. 717 P.2d at 717–18. In so doing, the court cited and used the presumption found in Utah Code Ann. § 76–6–402(1) (1995), the same presumption used in this case. *See Graves,* 717 P.2d at 717–18. The court also explained that the "use of this principle in the criminal law is well settled" and is "deeply rooted in the common law." *Id.* The court further stated that

"unexplained possession is deemed 'guilty possession' ... and this may serve to permit an inference that the possessor, whether or not he is shown to have been the thief, knew that the vehicle was stolen."

*Id.* at 718 (citation omitted). Thus, because the Utah Supreme Court has already approved the use of this common law inference when a defendant is charged with possession

---

2. The only differences between the instruction in this case and the instruction in *Perez* are as follows: the use of the word "it" instead of "the property"; the use of the word "those" rather than "these" in the *Perez* instruction; and finally, the instruction in this case had an additional clause "that no satisfactory explanation of such possession has been given *or appears from the evidence.*" (Emphasis added.)

3. Defendant attempts to distinguish *Perez,* claiming that this case should properly be analyzed under his reading of *Graves.* Defendant claims that under *Graves* the presumption contained in the jury instruction at issue cannot be utilized if the defendant offers an explanation for his possession. Defendant reads too much into *Graves.* *Graves* simply stated that the inference was allowable when no explanation was given. *Graves* made no comment concerning the consequence of explanations given by a defendant.

of a stolen motor vehicle, the instruction did not improperly expand Utah's statutory presumption.

■ Defendant next argues that the trial court erred in giving the instruction because the instruction referred not only to allowing an inference that defendant knew the property was stolen, but also to an inference that defendant stole the vehicle,[4] a crime with which defendant was not charged. While we agree that such language should have been omitted from the instruction, we conclude the error was harmless. The remaining instructions clearly informed the jury that the defendant was charged with possession of a stolen vehicle only and gave only the elements of that crime. Thus, defendant was not harmed by the reference to stealing.

■ Finally, defendant argues that the trial court erred in providing the instruction to the jury because the presumption established in Utah Code Ann. § 76–6–402(1) (1995) is directed at the trial court, not the jury. Specifically, defendant claims the statutory presumption is only a tool the trial court uses to determine if there is sufficient evidence to go to the jury or to support a verdict. Defendant is incorrect. While the Utah Supreme Court has repeatedly held that the statute "provides a standard by which to determine the sufficiency of the evidence for submitting the case to the jury," *Chambers,* 709 P.2d at 326–27, this has always been in the context of interpreting instructions that contain the words "prima facie." *See id.* Utah courts have repeatedly made clear that the use of instructions, similar to the one in this case, is permissible when the instructions have not included the term "prima facie" or when the instruction makes clear that the inference is only a permissible inference that the jury *may* make if they find certain facts beyond a reasonable doubt. *See Johnson,* 745 P.2d at 456; *Smith,* 726 P.2d at 1236; *Chambers,* 709 P.2d at 327; *State v. Asay,* 631 P.2d 861, 864 (Utah 1981); *Perez,* 924 P.2d at 4–5. Thus, such instructions, if given properly, are permissible.

### CONCLUSION

We conclude the challenged jury instruction was properly submitted to the jury and did not shift the burden of proof concerning the mens rea requirement of the crime from the State to defendant. Accordingly, we uphold defendant's conviction for possession of a stolen motor vehicle.[5]

DAVIS, P.J., and BENCH, J., concur.

---

4. This occurs twice. In the first paragraph the instruction states: "[Y]ou may reasonably draw the inference, in light of the surrounding circumstances shown by the evidence in the case, that the person in possession of the stolen property *stole the property* and knew the property was stolen." (Emphasis added.) The second reference occurs in the second paragraph and states: "then you may infer from those facts and find that the defendant *stole the property* and knew the property was stolen." (Emphasis added.)

5. Defendant also claims the prosecutor made improper comments during closing argument. We will reverse for prosecutorial misconduct only if the defendant shows that "[t]he actions or re-

marks of [the prosecutor] call to the attention of the jury a matter it would not be justified in considering in determining its verdict," and "under the circumstances of the particular case, ... the error is substantial and prejudicial such that there is a reasonable likelihood that, in its absence, there would have been a more favorable result." *State v. Tenney,* 913 P.2d 750, 754–55 (Utah App.) (citations omitted), *cert. denied,* 923 P.2d 693 (Utah 1996). Without expressing any opinion as to whether the prosecutor's comments were proper, we conclude that, even if they were improper, they were not so substantial as to create a reasonable likelihood of a more favorable verdict.